**Narcissa Dolores RAYBURN, Appellant,**

v.

**John Steven RAYBURN, Appellee.**

**No. 09–98–132 CV**

Court of Appeals of Texas, Beaumont.

Submitted Oct. 22, 1998.

Nov. 19, 1998.

Jack Lawrence, Beaumont, for appellant.

Bruce W. Cobb, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from the denial of a motion to modify conservatorship in a suit affecting parent-child relationship. A decree entered in 1994 found no marriage existed between Narcissa Dolores Rayburn and John Steven Rayburn and established the paternity of their minor child, naming John Rayburn sole managing conservator and Narcissa Rayburn possessory conservator. In 1996, Narcissa Rayburn filed a motion to modify conservatorship, later amended, asking that she be appointed sole managing conservator, or, in the alternative, that the court establish a joint managing conservatorship between the two parents. John Rayburn filed a counter-motion seeking an increase in child support and supervised visitation. The trial

court denied both motions to modify. Narcissa Rayburn presents four points of error for appellate review.

Point of error one contends:

BECAUSE APPELLEE MADE A JUDICIAL ADMISSION THAT THE DRASTIC CHANGES IN JACOB'S BEHAVIOR SINCE THE 1994 COURT ORDER CONSTITUTED A MATERIAL AND SUBSTANTIAL CHANGE IN CIRCUMSTANCES, THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THERE HAD NOT BEEN SUCH A MATERIAL AND SUBSTANTIAL CHANGE.

■ No findings of fact and conclusions of law were requested or filed. Therefore, it is implied the trial court made all findings of fact necessary to support the trial court's judgment, provided such implied findings are raised by the pleadings and supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Id.*

The trial court may change the designated sole managing conservator if the circumstances of either parent or the child have materially and substantially changed, *and* the appointment of a new sole managing conservator would be a positive improvement for the child. TEX. FAM.CODE. ANN. § 156.101 (Vernon 1996). In a modification proceeding, the trial court may modify a sole managing conservatorship to a joint managing conservatorship if a party requests joint conservatorship, the circumstances of the sole conservator or the child have materially and substantially changed, retention of a sole managing conservator would be detrimental to the welfare of the child, *and* the appointment of the requesting parent as a joint managing conservator would be a positive improvement for the child and in the child's best interest. TEX. FAM.CODE. ANN. § 156.104 (Vernon 1996).

■ In response to petitioner's counsel's question, "[Y]ou don't think that after twenty-four months of being in your care, custody and control, that soiling pants, withdrawal, nervous child and isolative are material and substantial changes that effects [sic] your son [J.]?" Steven Rayburn replied, "I think they are. That's why I sought help for him before I took him to Dr. Isern." The child began psychiatric treatment in 1996 for depression and attention difficulties. Assuming this testimony conclusively established there had been a material and substantial change of circumstances, Narcissa Rayburn satisfied only one of the requisites for modification of the conservatorship order. The trial court heard evidence revealing the existence of a significant amount of animosity between John Rayburn and Narcissa Rayburn which would make a joint managing conservatorship unworkable. Narcissa Rayburn was placed on deferred adjudication probation after pleading guilty to stalking John Rayburn. She had twice been found guilty on complaints of family violence assault against John Rayburn. She reported John to Child Protective Services three times for child abuse. The Department concluded the charges were not supported by evidence. John reported Narcissa to Child Protective Services three times. One Child Protective Services employee investigating allegations of child abuse found nothing wrong with the child's home situation with John Rayburn, but suggested the child receive psychiatric treatment because "this child may be caught in the middle of a lot of turmoil between the parents[.]" In his opinion, Narcissa was using the child as a weapon against his father.

The trial court heard expert testimony regarding the child's emotional well-being. The child's psychiatrist opined the significant conflicts between the parents affected the child. He was impressed with the level of bonding between the child and his father and step-mother, as well as their participation in the child's psychiatric treatment. Narcissa did not agree with the medical treatment plan and refused to give the child his medication. In Dr. Isern's opinion, it would not be in the child's best interest to change the custodial parent.

In support of Narcissa Rayburn's motion to modify, teachers who worked at the child's school testified Narcissa Rayburn took an active interest in the child. One teacher testified John Rayburn threatened to sue the

school because Narcissa was volunteering at the school in possible violation of a protective order that she stay away from John's stepchild. Other witnesses testified Narcissa baby-sits at her church and for individuals who feel she cares well for the children in her charge. According to Narcissa Rayburn, John is controlling and intimidating. The evidence supporting a finding that a change to the existing order will be a positive improvement for the child is not so overwhelming as to compel us to conclude the trial court abused its discretion in denying the motion to modify. Point of error one is overruled.

Point of error two avers:

THE TRIAL COURT ERRED IN FAILING TO CONSIDER MODIFICATION OF THE EXISTING CONSERVATORSHIP INTO A JOINT MANAGING CONSERVATORSHIP UNDER TEXAS FAMILY CODE §§ 153.131 AND 156.105(a).

As authority in support of the point of error, the appellant cites *Enriquez v. Krueck,* 887 S.W.2d 497, 502 (Tex.App.—San Antonio 1994, no writ), and Family Code Sections 101.016,[1] 153.134(a)(2)[2], 153.131(b)[3], and 156.105(a)[4]. *Enriquez v. Krueck* reversed the trial court's modification of a child custody order from a sole managing conservatorship to a joint managing conservatorship because the evidence was insufficient to show that

retaining the sole managing conservator would be detrimental. *Id.* at 503. In its analysis, the court found that the requirement of a material change in circumstances was statutorily supplied by what was then Section 14.08(i). *Id.* at 502. That section, now Family Code Sec. 156.105, was already in effect when Rayburn's paternity action was filed and conservatorship established. Act of May 12, 1989, 71st Leg., R.S., ch. 617, § 7, 1989 Tex. Gen. Laws 2030, 2040. The 1995 enactment of Section 156.105 was a nonsubstantive recodification of the statute. Act of April 6, 1995, 74th Leg., R.S., ch. 20, §§ 1, 3, 1995 Tex. Gen. Laws 113, 174, 282. The conservatorship at issue in this appeal was not "an existing sole managing conservatorship"; therefore, the change in the law effective September 1, 1989, does not supply a statutory material change of circumstance in this case.

■ Furthermore, as *Enriquez v. Krueck* acknowledged, the custody modification factors must be met, and the best interest of the child is always paramount. *Id.* at 499. *See also In the Interest of Ferguson,* 927 S.W.2d 766, 768–69 (Tex.App.—Texarkana 1996, no writ)(holding the requirements of modification in Section 156.101 are not subordinated to the parental presumption of Section 153.131(a)). The modification factors applicable in the case *sub judice* are those con-

---

1. § 101.016. Joint Managing Conservatorship

"Joint managing conservatorship" means the sharing of the rights and duties of a parent by two parties, ordinarily the parents, even if the exclusive right to make certain decisions may be awarded to one party.
Tex. Fam.Code Ann. § 101.016 (Vernon 1996).

2. § 153.134. Court–Ordered Joint Conservatorship

(a) If a written agreement of the parents is not filed with the court, the court may render an order appointing the parents joint managing conservators only if the appointment is in the best interest of the child, considering the following factors:
. . . .
(2) the ability of the parents to give first priority to the welfare of the child and reach shared decisions in the child's best interest;
Tex. Fam.Code Ann. § 153.134(a)(2) (Vernon 1996).

3. § 153.131. Presumption that Parent to be Appointed Managing Conservator

. . . .
(b) It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child. A finding of a history of family violence involving the parents of a child removes the presumption under this subsection.
Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 32, 1995 Tex. Gen. Laws 3900 (amended 1997) (current version at Tex Fam.Code Ann. § 153.131(b) (Vernon Supp.1998)).

4. § 156.105. Statutory Change of Circumstance

(a) The power of the court to order a joint managing conservatorship under Chapter 153 is a material and substantial change of circumstances sufficient to justify a modification of an existing sole managing conservatorship to a joint managing conservatorship if the sole managing conservatorship was ordered in a suit affecting the parent-child relationship in which a final order was rendered on or after September 1, 1987.
Tex. Fam.Code Ann. § 156.105(a) (Vernon 1996).

tained in Sections 156.101 and 156.104. As we have already discussed while addressing point of error one, the evidence supports a failure to find that modification of the existing order would be a positive improvement for the child. We hold the trial court did not abuse its discretion. Point of error two is overruled.

Point of error three argues:

BECAUSE THE TRIAL COURT ERRED IN THE PREVIOUS TRIAL OF THIS CAUSE BY OVERRULING THE JURY'S FINDING OF A COMMON-LAW MARRIAGE BEGINNING IN MARCH, 1988, THE ABSENCE OF A STATUTORY PROPERTY DIVISION IMPROPERLY FOSTERED JACOB'S CUSTODY WITH THE FATHER AS MANAGING CONSERVATOR. WHERE, AT THE DATE OF INCEPTION OF THE MARRIAGE: APPELLANT WAS AT LEAST A PUTATIVE COMMON-LAW SPOUSE, AND THE TEXAS FAMILY CODE HAD NOT YET BEEN AMENDED TO REQUIRE A SUIT BASED ON A COMMON-LAW MARRIAGE TO BE FILED WITHIN A YEAR OF SEPARATION, THE OPERATION OF THE LATER AMENDMENT COULD NOT BE RETROACTIVE BECAUSE OF ARTICLE I, § 16, OF THE TEXAS CONSTITUTION, -SO THAT THE TRIAL COURT MUST DIVIDE THE COMMUNITY ESTATE BEFORE DECIDING THE MOTION TO MODIFY, WHERE ECONOMIC FACTORS ARE PROMINENT IN THE EVIDENCE ADDUCED.

■ The trial court signed a decree of paternity on May 19, 1994. The decree was replaced by a decree of paternity signed June 8, 1994, within the period of the trial court's plenary power to modify its judgment. Tex.R. Civ. P. 329b(d). Thus, the decree of paternity became final on July 8, 1994. The trial court's jurisdiction over the parties and the subject matter is apparent from the record of the 1994 judgment, which decreed there was no marriage between the parties. Narcissa Rayburn did not appeal the 1994 judgment; she may not now collat-

erally attack it. Point of error three is overruled.

Point of error four contends:

THE TRIAL COURT ABUSED ITS DISCRETION TO THE EXTENT IT CONSIDERED TESTIMONY ON APPELLANT'S WITHDRAWAL OF JACOB'S ANTIDEPRESSANT MEDICATIONS, WHERE APPELLANT HAD OBTAINED A MEDICAL DOCTOR'S OPINION, THE PRESCRIBING DOCTOR WAS UNAVAILABLE FOR TIMELY CONSULTATION, THE CHILD'S BEHAVIOR IMPROVED WITHOUT THE SAID MEDICATIONS, AND THE CHILD'S RIGHT TO REFUSE THIS FORM OF PSYCHIATRIC TREATMENT COULD BE EXERCISED THROUGH EITHER PARENT.

■ Narcissa Rayburn cites the Court to fourteen places in the record where she claims error occurred. Eight of the instances concern testimony elicited by her attorney. None of the six other instances were the subject of an objection. Error may not be predicated on the admission of evidence unless a timely, specific objection was made at the time of proffer. Tex.R. Civ. Evid. 103(a); Tex R.App. P. 33.1(a). The trial court could consider the evidence regarding Narcissa Rayburn's withdrawal of her son's medications because the evidence was admitted without objection.

■ We will assume, for the sake of argument, that Narcissa Rayburn is actually complaining that the evidence she did not give her son his prescribed medication during her period of possession will not support the judgment of the trial court. Such a complaint in a bench trial need not have been presented to the trial court in order to be presented on appeal. See Tex.R. Civ. P. 324.

The medical treatment of the child was a significant issue at trial. The child's psychiatrist testified in detail regarding the significant negative effect of Narcissa Rayburn's failure to give the medication to the child while he was in her possession. Narcissa testified the medicine made the child's hands shake, slowed him down, and adversely affected his appetite. Narcissa's lack of coop-

eration in the child's treatment plan is a factor the judge could consider in determining whether modification of the custody order would be in the best interest of the child. We find no abuse of discretion. Point of error four is overruled. We affirm the judgment of the trial court.

AFFIRMED.

STOVER, Justice, concurring.

I concur in the result. However, I do not agree with the majority's reasoning under point of error two, at least in regard to the application of Sec. 156.105, which was in effect when the modification suit was filed in 1996. That section provides the following:

> (a) The power of the court to order a joint managing conservatorship under Chapter 153 is a material and substantial change of circumstances sufficient to justify a modification of an existing sole managing conservatorship to a joint managing conservatorship if the sole managing conservatorship was ordered in a suit affecting the parent-child relationship in which a final order was rendered on or after September 1, 1987.

TEX. FAM.CODE ANN. § 156.105 (Vernon 1996). Since the motion to modify was filed in 1996, the non-substantive recodification of Sec. 156.105 in 1995 applies to the instant case. The statute mandates that there be an "existing" sole managing conservatorship before Sec. 156.105 is applied. Here, that requirement is met, since the original decree, having been entered in 1994, is an "existing" sole managing conservatorship. Because Sec. 156.105 applies to the instant case, the "material and substantial change" requirement for the modification of a sole managing conservatorship is supplied by the statute.[1] *See Enriquez v. Krueck,* 887 S.W.2d 497, 502 (Tex.App.—San Antonio 1994, no writ).

The statutory finding, however, does not change our holding regarding point of error two. As pointed out by the majority, the other custody modification factors must also be satisfied. That was not done in the instant case. Consequently, I concur in the result.

---

1. The plain language of the statute gives a result which, to me, is somewhat incongruous. The effect of Sec. 156.105, as written, is to make the "material and substantial change" prong an automatic finding in every motion to change a sole managing conservatorship to a joint managing conservatorship *if* the judgment ordering the sole managing conservatorship was rendered on or after September 1, 1987. Although it may seem improbable that the legislature intended such an outcome, the language of the statute, as well as its 1989 predecessor, dictates that result. That interpretation would seem to be consistent with TEX. FAM. CODE ANN. § 153.131 (Vernon 1996), which provides that the appointment of the parents as joint managing conservators is presumed to be in the best interest of the child.