In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-188 CV


____________________



DEBRA RAE WINGER, Appellant



V.



RICKEY WAYNE WINGER, Appellee






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 39,636






O P I N I O N


 Debra Rae Winger appeals from the property division made concurrently with her
divorce from Rickey Wayne Winger. The case was heard by the trial court without a jury.
After denying Debra's motion for new trial, the trial court declined to make findings of
fact and conclusion of law because they were requested untimely. (1) Bringing two issues,
Debra complains the trial court improperly included her separate real property in the
community estate. 

 The property at issue, the Williford Road property, included a house and was
deeded to Debra in 1994 by the Elliotts, an elderly couple she had known since she was
a small child. The Elliotts were living in a nursing home when they conveyed their
property to Debra. In 1996, Debra conveyed the property to her son, Scotty. Rickey filed
his petition for divorce from Debra in 1999. 

 A trial court has broad discretion in dividing the marital estate in a manner that the
court deems just and right. See Tex. Fam. Code Ann. § 7.001 (Vernon 1998); Murff v.
Murff, 615 S.W.2d 696, 698 (Tex. 1981); Toles v. Toles, 45 S.W.3d 252, 264 (Tex. App.--Dallas 2001, pet. denied). We will not disturb a trial court's property division unless the
trial court clearly abuses that discretion. See Bell v. Bell, 513 S.W.2d 20, 22 (Tex.1974); 
Smith v. Smith, 22 S.W.3d 140, 143 (Tex. App.--Houston [14th Dist.] 2000, no pet.)(op.
on reh'g). An abuse of discretion occurs when the trial court acts without reference to any
guiding rules or principles, or, in other words, when it acts arbitrarily or unreasonably. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990)(citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985)).

 As no findings of fact or conclusions of law were filed here, we must affirm the trial
court's judgment on any legal theory that finds support in the evidence. See In the Interest
of W.E.R., 669 S.W.2d 716, 717 (Tex.1984); Rayburn v. Rayburn, 979 S.W.2d 858, 860
(Tex. App.--Beaumont 1998, no pet.). We imply that the trial court made all the necessary
findings to support its judgment. Worford, 801 S.W.2d at 109. When determining
whether some evidence supports the judgment and implied findings of fact, we consider
only the evidence most favorable to the judgment and disregard entirely evidence that is
opposed to it or contrary in nature. Id.

 In her first issue, Debra asserts the trial court erred in characterizing the Williford
Road property as community property. She maintains the property was part of her
separate estate as it was a gift to her from the Elliotts, and certain evidence supports that
assertion. (2)

 But, regardless of whether Debra established that the Williford Road property was
part of her separate estate, the record does not show that the trial court found to the
contrary or characterized the Williford Road property as a community asset. What the trial
court did decide was that Rickey's proposed property division contained in Exhibit 6
(entitled "Petitioner's Proposed Property Division") was a just, fair, and equitable
division. The court approved the division and requested Rickey's counsel to prepare a
final decree reflecting the ruling. 

 Neither the final decree nor the proposed property division, which was approved
by the court, clearly indicate whether the trial court considered the Williford Road
property to be separate or community. The trial court's final decree does not state whether
it determined the Williford Road property to be separate or community, but simply awards
it to Debra and divests Rickey of any interest in the property. 

 Exhibit 6's proposed property division is set out in two sections, designated
respectively as "All to Wife" and "All to Husband." The "All to Wife" section has two
subdivisions, the first of which lists various items from the "Wife's Separate Property"
list, including the Williford Road property. The second subdivision has a notation at its
beginning stating: "[t]he following numbers 1 through 54 are from the Community
Property List." This second subdivision lists various items to be awarded to Debra. 
After item 54 of this list the exhibit stated:

 Total of above community property to Wife not

 counting the QDRO ................................. $28,483.86 (net after debt)


 53. Home on Williford Road ........................$ 79,500


 $28,483.86 plus Williford Road house = $107,983.86 


 Since the first subdivision of the Exhibit 6 included the Williford Road realty in the
separate category and the second subdivision may have included the same property as
community property, we cannot determine, absent findings of fact, whether the trial court
considered the Williford Road tract to be community property or separate property. (3)

 Even if we assume the Williford Road property was Debra's separate property, the
trial court was not required to make a equal division of the community estate. See Toles,
45 S.W.3d at 264 ("Equality in the division is not required, and [the appellate court]
indulges every reasonable presumption in favor of the proper exercise of discretion by the
trial court in dividing the community estate."). Further, the size of the separate property
and the nature of the property are proper factors for the trial court to consider when
dividing the community estate. See Murff, 615 S.W.2d at 699. Here, the trial court may
have concluded the Williford Road property, valued at $79,500, would provide a residence
for Debra while leaving the Winger Lane property, valued at $59,750 as residential
property for Rickey.

 In addition, some evidence supports an unequal division to Rickey. See Worford,
801 S.W.2d at 109 (In determining whether some evidence supports the judgment and
implied findings of fact, the appellate court considers only the evidence most favorable to
the issue and disregards entirely any opposing or contradictory evidence.) There is some
evidence Debra spent community time and funds on the Elliotts and the Williford Road
property. Debra spent community money defending a lawsuit filed over the property by
third parties. Debra, after deeding the property to her son, co-signed with him on a loan
for improvements to the property. There is some evidence she repaid the loan from a
community account. Though Debra testified her son reimbursed her in cash for the loan
payments, the trial court may not have believed this testimony. See McGalliard v.
Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). Debra and her son had an agreement that
he would reconvey the property to her. There is also some evidence that Debra spent
community time and assets taking care of the Elliotts. 

 Thus, some evidence supports the judgment under the theory that the trial court
considered the property as separate but decided to make an unequal division of the
community estate. Absent findings of fact, we disregard the contrary evidence, and cannot
say the trial court abused its discretion. We overrule the first issue.

 In her second issue, Debra maintains the trial court erred in including her separate
property as part of the community asset division for two reasons: (1) the trial court
mischaracterized the property and (2) the property was deeded out of her separate estate
in 1996. Because of our disposition of issue one, we need not reconsider whether the trial
court mischaracterized the Williford Road property as community or erred in doing so. 

 However, Debra also asserts that her conveyance of the property to her son, Scotty,
precluded the trial court's consideration of the property in the property division. Debra
testified she conveyed the property to Scotty in 1996 so he could obtain a home
improvement loan, which she co-signed. However, Debra and Scotty had an agreement
that when the house was "fixed up," he would reconvey the property to Debra. 

 Thus, even though she conveyed the Williford Road property several years before
Rickey filed for divorce in 1999, Debra concedes she retained an equitable interest in the
property. See Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985, 988 (1948) (Under equitable
doctrines, it is the valuable consideration, not legal title, that determines the equitable title
or interest resulting from a transaction.) The trial court properly could have considered
her equitable interest in the property as a factor in the property division. See Murff, 615
S.W.2d at 699 (The size and nature of the separate property are proper factors for the trial
court to consider when dividing the community estate.) Issue two is overruled.

 We affirm the trial court's decision.

 AFFIRMED.

 PER CURIAM


Submitted on June 24, 2002

Opinion Delivered July 11, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The request for findings of fact and conclusions of law are not part of the
appellate record, but the trial court's ruling is, as it came at the conclusion of the hearing
on Debra's motion for new trial.
2. The Elliotts conveyed the property to Debra by a warranty deed reciting the
consideration as one dollar and "other good and valuable consideration." Debra paid
nothing for the property. See Powell v. Powell, 822 S.W.2d 181, 183 (Tex. App.--Houston [1st Dist.] 1991, writ denied)("A gift requires: (1) an intent to make a gift, (2)
delivery of the property, and (3) acceptance of the property."). Mr. Elliott gave both
supporting and contradicting testimony in a deposition given in another proceeding. Mr.
Elliott testified that he and his wife intended to give the real property to Debra, i.e., the
property where the Elliotts had their home. But he also testified that while he intended to
will the property to Debra, he had not signed the deed conveying the property to Debra. 
3. Rickey asserts that Debra was awarded property valued at $28,483.86 plus $75,000
from the Goodyear plans for a total of $103,483.86, in addition to the Williford Road
home, which had a value estimated from $55,000 to $79,500 for a grand total ranging
from $158,483.86 to $182,983.86. Rickey asserts he was awarded property valued at
$83,029.60, plus $75,000 from Goodyear. Debra does not contradict these figures.