**Rosalie NEWTON, Appellant,**

v.

**Jackie NEWTON, Appellee.**

No. 2–94–146–CV.

Court of Appeals of Texas,
Fort Worth.

March 23, 1995.

Stagner & Stagner, P.C., and Benjamin A. Baker, Sherman, for appellant.

Henry, Hatcher & Schiller, P.C., and L. Kip Schiller, Gainesville, for appellee.

Before DAUPHINOT, RICHARDS and PAT McCLUNG (Retired), JJ.

## OPINION

RICHARDS, Justice.

This is an appeal from a summary judgment entered in favor of appellee, Jackie Newton, in a suit brought by his former wife, appellant Rosalie Newton.

Two issues are presented on appeal: (1) whether the district court erred in granting summary judgment; and (2) whether the presiding judge of the court in which the suit was originally filed—the County Court at Law Number One of Grayson County— abused his discretion in transferring venue to Cooke County. We hold in appellant's favor on both issues and reverse the summary judgment.

A brief review of the procedural history of this case is necessary. Appellant and appellee were divorced in May of 1993 pursuant to a decree entered in the 235th District Court of Cooke County. Approximately three months later, appellant brought suit against appellee and his alleged paramour, Carolyn Mahoney, in the County Court at Law Number One of Grayson County seeking damages from those parties alleging intentional infliction of emotional distress, assault and battery, and negligence occurring during the marriage between appellant and appellee.

Appellee and Mahoney subsequently filed a motion to transfer venue alleging appellee and Mahoney did not reside in Grayson County. They argued venue should be transferred to the county of their residence, Cooke County, since appellant had never alleged any venue facts occurring in Grayson County. In response, appellant submitted an affidavit detailing alleged conduct committed against appellant by appellee in Grayson County which constituted the intentional infliction of emotional distress. At the same time, appellant filed an amended petition and an affidavit which specifically alleged venue facts occurring in Grayson County.

Following a hearing on the venue motion, the court ordered the case transferred to the 235th District Court of Cooke County, Texas. Following the transfer, appellee and Mahoney filed a motion for summary judgment alleging that appellant's cause of action against appellee should have been brought in the previously concluded divorce proceeding.

The district court granted summary judgment for the appellee, but denied summary judgment for Mahoney. Subsequently, appellant's case against Mahoney was severed from appellant's case against appellee and

appeal was taken from the order granting summary judgment.

We first decide whether venue was properly transferred from Grayson County to Cooke County over appellant's objection.

The standard of appellate review is governed by TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986), which states:

> On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

At the time the case was transferred, the county court judge did not have the benefit of the Texas Supreme Court's recent decision in *Wilson v. Texas Parks and Wildlife Dep't*, 886 S.W.2d 259 (Tex.1994). In *Wilson*, the supreme court addressed a similar issue: whether a trial court commits reversible error by transferring a civil lawsuit filed in a Texas county that qualifies as a proper venue to another county that originally might have been considered a proper venue.

The plaintiffs in *Wilson* filed suit in Blanco County in a case which could have been properly filed in either Blanco or Travis County. After the defendant filed a motion to transfer venue, a hearing was held and the case was transferred to Travis County. Subsequently, the case was tried to a jury which resulted in a take-nothing judgment against the plaintiffs. The supreme court reversed and held that where a plaintiff files suit in a county of proper venue, it is reversible error to transfer venue under TEX.CIV.PRAC. & REM. CODE ANN. § 15.063(1) (Vernon 1986) even if the county of transfer would be proper if originally chosen by the plaintiff.

The critical question presented in the instant appeal, therefore, is whether Grayson County was a county of proper venue. For the following reasons, we hold it was proper.

■ Venue may be proper in many counties under general, mandatory, or permissive rules. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 15.001–.040 (Vernon 1986). The plaintiff is given the first choice in the filing of the lawsuit. *See Tieuel v. Southern Pac.*

*Transp. Co.*, 654 S.W.2d 771, 775 (Tex.App.—Houston [14th Dist.] 1983, no writ).

■ Venue selection presupposes that the parties to the lawsuit have choices and preferences about where their case will be tried. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 15.001–.040 (Vernon 1986); *Wilson*, 886 S.W.2d at 259; *Maranatha Temple, Inc. v. Enterprise Prod. Co.*, 833 S.W.2d 736, 741 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (recognizing that the plaintiff has the right to file suit in any permissible county). If the plaintiff's venue choice is not properly challenged through a motion to transfer venue, the propriety of venue is fixed in the county chosen by the plaintiff. TEX.CIV.PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986); TEX.R.CIV.P. 86(1). If a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, the question of proper venue is raised. TEX.R.CIV.P. 86. The burden is on the plaintiff to prove that venue is maintainable in the county of suit. TEX.R.CIV.P. 87(2)(a). If the plaintiff fails to meet this burden, the trial court must transfer the lawsuit to another specified county of proper venue. TEX.CIV.PRAC. & REM.CODE ANN. § 15.063(1) (Vernon 1986) ("The court . . . shall transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county. . . ."); *Tieuel*, 654 S.W.2d at 775 (recognizing that if the plaintiff files suit in a county where venue does not lie, the plaintiff waives the right to choose and the defendant may have the suit transferred to a proper venue). If the plaintiff meets the burden, the trial court must maintain the lawsuit in the county where it was filed. TEX.R.CIV.P. 87(3)(c) ("If a claimant has adequately pleaded and made prima facie proof that venue is proper in the county of suit . . . then the cause shall not be transferred but shall be retained in the county of suit. . . .").

■ Together, Rule 87(3)(c) and section 15.063(1) require that a lawsuit pleaded and proved in a county of proper venue may not be transferred. Therefore, if the plaintiff chooses a county of proper venue, and this is supported by proof as required by Rule 87,

no other county can be a proper venue in that case. This rule gives effect to the plaintiff's right to select a proper venue. *Maranatha Temple, Inc.*, 833 S.W.2d at 741.

Section 15.001 of the Civil Practice and Remedies Code provides the general venue provision for civil actions:

> Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought in the county in which all or part of the cause of action accrued or in the county of defendant's residence if defendant is a natural person.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986) (footnote omitted).

■ In the instant case, plaintiff brought suit in Grayson County. Prior to the time of the venue hearing, appellant amended her pleading to allege that all or part of her causes of action asserted against appellee occurred in Grayson County. In an affidavit submitted with her response to appellee's motion to transfer venue, appellant identified three specific instances in which appellee allegedly berated her and intentionally caused her severe emotional distress at times when both parties were physically present in Grayson County. In her affidavit, appellant swore those instances occurred during the years 1974, 1977, and 1987 respectively. On the last occasion, appellant alleged the emotional distress was sufficiently extreme to cause her to attempt to jump from the automobile in which she and appellee were travelling. In addition, appellant alleged other more recent acts of emotional distress which she did not specifically allege occurred in Grayson County. In response, appellee alleged that because none of the acts alleged to have occurred in Grayson County were within the statute of limitations, venue was not proper in Grayson County and should be transferred to Cooke County.

We hold venue was proper in Grayson County.

■ The statute of limitations is an affirmative defense. TEX.R.CIV.P. 94. A plaintiff in a venue proceeding is not required to defeat affirmative defenses. *See Dallas Joint Stock Land Bank v. Harrison*, 131 S.W.2d 742, 744 (Tex.Civ.App.—Fort Worth 1939, no writ); TEX.R.CIV.P. 87(2)(b). Therefore, appellant's choice of venue could not be rejected on statute of limitations grounds. Moreover, even if venue could be defeated by limitations, under the "continuing course of conduct" doctrine available in claims based on the intentional infliction of emotional distress, limitations begin to run as of the date the tortious conduct ceased. *Twyman v. Twyman*, 790 S.W.2d 819, 821 (Tex.App.—Austin 1990), *rev'd on other grounds*, 855 S.W.2d 619 (Tex.1993). In the instant case, appellant's pleading alleges the tortious acts constituting a continuous course of conduct ceased no earlier than August 12, 1991, a date within the limitations period. Therefore, limitations would not bar the instant action.

■ During oral argument, appellee presented a thoughtful and well-reasoned argument as to why the law should require actions between former spouses for causes of action arising during a marriage to be brought in the county in which the divorce was granted. Certainly, if the legislature chose to pass a rule of venue addressing that subject, we would be obliged to follow. However, since the legislature has not restricted venue in such cases, we are presently obliged to follow TEX.CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986), which permits appellant to file suit in a "county in which all or part of the cause of action accrued."

Appellee cites *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993) (op. on reh'g), in support of his argument that appellate courts should give due deference to the trial court's decision in questions of venue and affirm even if the preponderance of the evidence weighs against the trial court's judgment. In *Ruiz*, the supreme court was called upon to determine whether the trial court erred in denying a motion to transfer venue where there was a dispute as to whether the defendant maintained an "agency or representative" in the county of suit. *Ruiz*, 868 S.W.2d at 757. The issue in *Ruiz* involved the appropriate standard of review for issues involving challenges to the sufficiency of the evidence.

We see no conflict between *Ruiz* and *Wilson*. The former case addresses legal sufficiency questions; the latter addresses the issue presented in the instant case. That *Ruiz* was cited with approval in *Wilson* is a strong indication the Texas Supreme Court did not believe the two holdings were in conflict.

Accordingly, we hold that since appellant filed suit in Grayson County, a county of proper venue, it was reversible error to transfer venue under section 15.063(1) even though the county of transfer, Cooke County, would have been proper if originally chosen by the appellant.

Since Grayson County was a county of proper venue and was chosen by appellant as the forum in which her suit would be litigated, Cooke County cannot be a proper venue as a matter of law. *Wilson*, 886 S.W.2d at 261–62. The summary judgment decision is reversed and the cause remanded since we are compelled to hold the error cannot be harmless. *See id.*

Moreover, we note that in his appellate brief and during oral argument to this court, appellee's counsel admitted the district court committed reversible error in granting the summary judgment since appellee's motion for summary judgment did not include a certified copy of the divorce petition in the divorce action between the parties. *See Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961). We commend appellee's counsel for his candor and high ethical standards.

For the reasons explained herein, we reverse the summary judgment, remand the case to the district court in Cooke County, and order that the cause be transferred to Grayson County for a new trial.