Lougay Malone **TOLES**, Appellant,

v.

H. Edward **TOLES**, III, Appellee.

No. 05–97–00303–CV.

Court of Appeals of Texas, Dallas.

April 11, 2001.

Bill C. Hunter, Charles M. Wilson, III, Dallas, Robert Gilbreath, Jenkins & Gilchrist, P.C., Dallas, for Appellant.

George R. Bienfang, John V. McShane, McShane, Davis & Hance, L.L.P., Dallas, for Appellee.

Braden W. Sparks, Dallas, Mediator.

Before Justices FITZGERALD, RICHTER, and ROSENBERG.[1]

## OPINION

BARBARA ROSENBERG, Justice (Assigned).

This case involves a divorce action between Lougay Malone Toles (Wife) and H. Edward Toles III (Husband). In two points of error, Wife appeals the judgment notwithstanding the verdict (JNOV) denying her claim for intentional infliction of emotional distress and the $120,000 sanctions judgment against her. In four conditional cross-points, Husband claims the evidence is factually insufficient to support the verdict, there was an error in the charge, and the remedy for any error is remand for a division of the property. We sustain both of Wife's points, overrule Husband's cross-points, and reverse the portions of the trial court's judgment related to Wife's tort claims and sanctions. We render judgment that Husband take nothing on his sanction claim, reinstate the jury verdict awarding $325,000 to Wife on her tort claim, and remand to the trial court for entry of judgment on the jury verdict with prejudgment and post-judgment interest.

1. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The jury was instructed not to answer questions related to the assault and battery claim if it answered "yes" to the questions related to intentional infliction of emotional distress.

## BACKGROUND

The parties were married in 1971 and separated in 1993. Husband filed for divorce. Wife filed a counter-petition for divorce and a claim for personal injuries, alleging intentional infliction of emotional distress and assault and battery. The case was bifurcated, and the tort claims were tried to a jury. The jury returned a verdict in favor of Wife on the claim for intentional infliction of emotional distress and awarded her damages of $325,000 .[2] The trial court, however, disregarded the jury's finding, granted Husband's motion for JNOV, and ordered that Wife take nothing on her tort claims. All remaining matters related to the divorce were determined by the court in a bench trial. In the divorce decree, the court ordered Wife to pay $120,000 to Husband as sanctions "for her misconduct during the pendency of this cause." Wife appeals the JNOV and the sanctions.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In her first point of error, Wife contends the trial court erred in granting JNOV for Husband because there was legally sufficient evidence to support the findings of the jury. Husband brings three cross-points requesting relief if the JNOV on the tort claim is reversed. He alleges insufficient evidence to sustain the verdict,[3] jury charge error, and argues the case should be remanded to the trial court for redetermination of a just and right division of the community estate in the divorce action.

3. We construe Husband's cross-point liberally to challenge the factual sufficiency of the evidence because he requests the case be remanded in the event of reversal. See R.S. v. B.J.J., 883 S.W.2d 711, 714 (Tex.App.—Dallas 1994, no writ).

## Standard and Scope of Review

A trial judge may properly grant a JNOV when there is no evidence to support one or more of the jury's findings of fact necessary to the judgment. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). To uphold the JNOV, we must determine that no evidence supports the jury's findings. *Brown v. Bank of Galveston, Nat'l Ass'n*, 963 S.W.2d 511, 513 (Tex.1998); *see Stokes v. Puckett*, 972 S.W.2d 921, 923 (Tex.App.—Beaumont 1998, pet. denied). Thus, we must determine whether there is any evidence upon which the jury could have made a necessary finding of fact. In conducting this review, we review the record in the light most favorable to the finding of fact, considering only the evidence and inferences from the evidence that support the finding and rejecting the evidence and inferences that do not. *Mancorp, Inc.*, 802 S.W.2d at 227; *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988) (per curiam). Where there is more than a mere scintilla of competent evidence to support a jury's finding of necessary facts, the JNOV will be reversed. *Mancorp, Inc.*, 802 S.W.2d at 228. More than a scintilla of evidence exists if the record reveals some probative evidence to support the verdict, no matter how small. *Richardson v. Wal–Mart Stores, Inc.*, 963 S.W.2d 162, 164 (Tex. App.—Texarkana 1998, no pet.).

We review a factual sufficiency challenge to the jury verdict by examining all of the evidence presented at trial. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). We will set aside the finding only when it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

## Applicable Law

A party who claims intentional infliction of emotional distress must prove that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the outrageous conduct caused the complainant emotional distress, and (4) the emotional distress suffered was severe. *See Southwestern Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 54 (Tex.1998); *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993).

Before a question is submitted to a jury on intentional infliction of emotional distress, the court must determine, as a question of law, whether the plaintiff has presented evidence which, if believed, meets the legal standard for "extreme and outrageous" conduct. *See Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex.1993). As factfinder, the jury may believe or disbelieve any or all of the testimony of any witness. *Barnes v. State Bar of Tex.*, 888 S.W.2d 102, 110 (Tex.App.—Corpus Christi 1994, no writ).

For each element, we first address the legal sufficiency of the evidence, then the factual sufficiency of the evidence.

### Intentional or Reckless Conduct

Intentional infliction of emotional distress requires either that the actor intends to cause severe emotional distress or severe emotional distress is the primary risk created by the actor's reckless conduct. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 63 (Tex.1998). Intentional conduct requires a showing that the actor desired the consequences of his act. *Behringer v. Behringer*, 884 S.W.2d 839, 842 (Tex.App.—Fort Worth 1994, writ denied); *LaCoure v. LaCoure*, 820 S.W.2d 228, 233 (Tex.App.—El Paso 1991, writ denied). An actor is reckless when he knows or has reason to know of facts that create a high degree of risk of harm to another and deliberately proceeds to act in conscious disregard of, or indiffer-

ence to, that risk. *Twyman*, 855 S.W.2d at 624. Intent may be inferred from the circumstances and the conduct of the actor, not just from the overt expressions of intent by the actor. *LaCoure*, 820 S.W.2d at 233. Of course, rarely will a defendant admit knowing of a substantial certainty that emotional harm would befall the victim. *Twyman*, 855 S.W.2d at 623. Juries are free to discredit the defendant's protestations that no harm was intended and to draw necessary inferences to establish intent. *Id.*

■ Wife testified to numerous incidents, over the term of the parties' marriage, where Husband mentally and physically abused her. She testified that Husband pinned her against the wall, choked her, spit on her, poured various liquid substances (including Coke, water, orange juice, and Nyquil) on her, threw barbeque against the curtains and on her, locked her out of her house, crushed her hand, pulled her out of the car, stomped on her feet, threatened to smother her, threatened to snap her neck, broke planters and a vase, destroyed numerous items of her personal property that had sentimental value, destroyed her college papers that she stayed up all night typing, dumped her clothes out of the closet, cut her clothing with scissors, called her names, and yelled obscenities at her.

After an argument between the parties following their separation, about which both parties testified, Wife was hospitalized for taking an overdose of pain medication. The hospital records indicated a bruise on Wife's leg. Although Wife told hospital personnel she received the bruise falling down stairs, she testified at trial that the plate-sized bruise was caused by the gearshift when Husband pulled her out of his car during the argument earlier that afternoon. According to Wife, Husband dragged her from the passenger seat, across the console, and out the driver's side of the vehicle.

There is more than a scintilla of evidence that husband's conduct included intentional and reckless acts that could cause emotional distress. This evidence is legally sufficient to support the jury's finding that Husband acted intentionally or recklessly to inflict emotional distress.

■ In reviewing the entire record for factual sufficiency of the evidence, we observe that the record includes contradictory evidence. Husband denied physically attacking or assaulting Wife during the marriage, but he did not dispute that many of the incidents occurred. He admitted he threw things, broke things, spit on Wife, argued at length with Wife, locked Wife out of the house, and poured various substances on Wife, but he remembered most of the incidents differently from Wife. He testified that Wife also argued, cursed, yelled, spit, and actively pursued their arguments. The parties' nineteen-year-old son testified by deposition that his parents argued a great deal, and he described the environment in his home as "sick." While he blamed both parents equally for the intensity of their arguments, the son recalled several incidents that confirmed Wife's testimony, including seeing Husband destroy Wife's personal property, seeing bruises on Wife, and seeing Wife covered in Nyquil or liquid Tylenol. He never observed Wife damage or destroy property or pour substances on Husband. Wife testified concerning bruises she attributed to Husband's abuse, and a neighbor testified she once observed Wife with bruises on her face. Husband's witnesses testified that Husband is a respected lawyer and businessman and that, in all his relationships with other people, he was never abusive or hostile.

Wife testified that she did not tell anyone about the ongoing abuse. Because

there were many incidents, she was unable to remember clearly when each occurred. Wife's psychologist testified that Wife repressed many memories of the abuse and, because of Wife's upbringing, she sought to conceal the abuse from those around her.

While the evidence is contested whether Husband was abusive toward Wife, or whether the abuse was intentional or reckless, the finding that Husband's acts constituted intentional or reckless conduct that created a high degree of risk of harm to Wife's emotional condition is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Thus, there is factually sufficient evidence to support this element of Wife's cause of action.

*Extreme and Outrageous Conduct*

■■■■ The second element of this cause of action requires the Husband's conduct to be extreme and outrageous. "Extreme and outrageous" requires the alleged conduct to be so outrageous in character, and so extreme in degree, as to exceed all possible bounds of decency and be utterly intolerable in a civilized community. *GTE Southwest, Inc. v. Bruce,* 998 S.W.2d 605, 611 (Tex.1999); *Twyman,* 855 S.W.2d at 620; RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965). Mere insults, indignities, threats, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct. *Bruce,* 998 S.W.2d at 612. The fact that conduct is intentional, malicious, or even criminal does not, standing alone, mean it is ex-

treme and outrageous for purposes of intentional infliction of emotional distress. *Brewerton v. Dalrymple,* 997 S.W.2d 212, 215 (Tex.1999).

■■■■ Whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery is initially a question of law. *Wornick Co.,* 856 S.W.2d at 734; RESTATEMENT (SECOND) OF TORTS § 46 cmt. h (1965). But when reasonable minds could disagree, it is for the jury to determine whether, in a particular case, the conduct is sufficiently extreme and outrageous to result in liability. *Bruce,* 998 S.W.2d at 616; *Gonzales v. Willis,* 995 S.W.2d 729, 735 (Tex.App.—San Antonio 1999, no pet.); RESTATEMENT (SECOND) OF TORTS § 46 cmt. h (1965).

■■■■ In determining whether certain conduct is extreme and outrageous, courts consider the context and the relationship between the parties. *See Atchison, Topeka & Santa Fe Ry. v. Buell,* 480 U.S. 557, 569, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987); *Bruce,* 998 S.W.2d at 612.[4] Conduct considered extreme and outrageous in some relationships may not be so in other relationships. Married couples share an intensely personal and intimate relationship. *Twyman,* 855 S.W.2d at 627 (Phillips, C.J., concurring and dissenting). When discord arises, it is inevitable that the parties will suffer emotional distress, often severe. *Id.* Accordingly, Wife must bring forth evidence to raise a fact question on the existence of some conduct that brings the dispute outside the scope of an ordinary marital dispute and into the

---

4. Husband argues that we should apply an abuse of discretion standard of review, weighing all the evidence presented and considering the context and the relationship of the parties. Husband applies the wrong standard and scope of review. *Bruce,* 998 S.W.2d at 612. While we must consider the context and relationship of the parties in a claim for inten-

tional infliction of emotional distress, when reviewing the granting of a JNOV, we must review the record in the light most favorable to the jury's finding of fact, considering only the evidence and inferences from that evidence that support the finding and rejecting the evidence and inferences that do not. *See Mancorp, Inc.,* 802 S.W.2d at 227.

realm of extreme and outrageous conduct. *Cf. City of Midland v. O'Bryant,* 18 S.W.3d 209, 217 (Tex.2000) (in employment context, it is necessary to show "the existence of some conduct that brings the dispute outside the scope of an ordinary employment dispute and into the realm of extreme and outrageous conduct").

While occasional malicious and abusive incidents should not be condoned, they must often be tolerated in our society. *Bruce,* 998 S.W.2d at 617. When abusive conduct such as being assaulted, intimidated, and threatened becomes a regular pattern of behavior, it should not be accepted in a civilized society. *See id.* (discussing extreme and outrageous conduct in employment context). In this case, Wife testified to continuous abusive behavior throughout the marriage. A claim for intentional infliction of emotional distress does not necessarily require evidence of the physical aspects of assault or battery. *See Schlueter v. Schlueter,* 975 S.W.2d 584, 587 (Tex.1998). However, here, evidence regarding the physical nature of the abuse was presented. Moreover, because intentional infliction of emotional distress is considered a "continuing tort," the defendant's conduct throughout the parties' marriage may be considered. *See Newton v. Newton,* 895 S.W.2d 503, 506 (Tex. App.—Fort Worth 1995, no writ); *Twyman v.. Twyman,* 790 S.W.2d 819, 821 (Tex.App.—Austin 1990), *rev'd on other grounds,* 855 S.W.2d 619 (Tex.1993). When repeated or ongoing severe harassment is shown, the conduct should be evaluated as a whole in determining whether it is extreme and outrageous. *Bruce,* 998 S.W.2d at 615–16.

In evaluating the alleged conduct as a whole, it is the type that, if it is not the kind of assault and intimidation that is intolerable in a civilized society as a matter of law, at least reasonable minds would differ as to whether it was sufficiently extreme and outrageous to result in liability. Thus, it was proper for the intentional infliction of emotional distress issue to go to the jury. Having at least raised a fact issue as to whether Husband's acts were extreme and outrageous, Wife's testimony to numerous incidents of assault and intimidation is legally sufficient evidence to support the jury's finding and the conclusion that Husband's conduct may reasonably be regarded as so extreme and outrageous as to be intolerable in a civilized community.

We next review the record to determine whether the evidence of extreme and outrageous conduct was factually sufficient. Husband attempted to show that Wife brought her claim out of vindictiveness because Husband left her and filed for divorce. However, as we noted above, Husband did not deny that he threw things, broke things, spit on Wife, argued at length with her, locked her out of the house, and poured various substances on her. Although Husband denied assaulting Wife and he remembered most of the incidents differently from Wife, the jury, as factfinder, could believe or disbelieve any or all of the testimony of any witness. *See Barnes,* 888 S.W.2d at 110. Because the jury's finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, we conclude there is factually sufficient evidence to support a finding that Husband's conduct was extreme and outrageous.

### Severe Emotional Distress

Emotional distress includes all highly unpleasant mental reactions, such as fright, humiliation, embarrassment, anger, worry, and nausea. *Bruce,* 998 S.W.2d at 618; *Washington v. Knight,* 887 S.W.2d 211, 216 (Tex.App.—Texarkana 1994, writ denied); RESTATEMENT (SECOND) OF TORTS § 46 cmt. j (1965). The law

intervenes only where the distress is so severe that no reasonable person should be expected to endure it. RESTATEMENT (SECOND) OF TORTS § 46 cmt. j (1965). The intensity and duration of the distress are factors to be considered in determining its severity. *Behringer*, 884 S.W.2d at 844.

 Wife testified that Husband's abusive treatment toward her began within the first two years of their marriage and continued throughout their marriage. According to Wife, she suffered from an ulcer, and Husband's treatment of her caused her great emotional distress, caused her to feel worthless and ashamed, and caused her to grind her teeth so hard that some are cracked. Wife's psychologist testified that Wife was severely depressed and that she suffers from post-traumatic stress disorder as a result of Husband's abuse. The psychologist and Wife's counselor testified that Wife was in further need of therapy and counseling more than two years after the parties' separation. We conclude there is legally sufficient evidence that Husband's conduct caused Wife emotional distress and that her emotional distress was severe.

Husband attempted to show other factors in Wife's history might have caused her emotional distress. Husband also attempted to discredit Wife's psychologist and the psychologist's test-taking procedures. Although the psychologist admitted she would conduct the interview as a forensic psychologist differently if she had it to do over, and she acknowledged other factors could have contributed to Wife's distress, she was confident in her diagnosis of Wife and confident that Wife's distress was primarily caused by the abuse and intimidation suffered in her marriage. According to the psychologist, Wife's upbringing and history explained Wife's reluctance to tell anyone about Husband's abusive treatment of her. We conclude there is factually sufficient evidence that Husband's conduct caused Wife emotional distress and that Wife's emotional distress was severe.

Because the evidence is legally sufficient to support the jury's finding on the elements of intentional infliction of emotional distress, we conclude the trial court erred in granting JNOV for Husband. Therefore, we sustain Wife's first point of error. Because the evidence is factually sufficient to support a jury's finding on each element, we overrule Husband's fourth cross-point.

### Jury Charge

In his third cross-point, Husband claims there was jury charge error in the tort trial. The court submitted Question 2 to the jury as follows: "What sum of money, if now paid in cash, would fairly and reasonably compensate Lougay Malone Toles for her actual damages, if any, *resulting from* the conduct in Question 1?" (emphasis added). Husband objected to the charge and requested the phrase "proximate cause" be used rather than "resulting from." The court overruled his objection.

 We review the trial court's submission of instructions and jury questions under an abuse of discretion standard. *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 54 (Tex.App.—Dallas 1995, writ denied). The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury. *Varme v. Gordon*, 881 S.W.2d 877, 881 (Tex.App.—Houston [14th Dist.] 1994, writ denied). In order to fairly submit the issue of damages, a question must enable a jury to determine the amount of damages on appropriate grounds and correct legal principles. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 90 (Tex.1973); *Libhart v. Cope-*

*land,* 949 S.W.2d 783, 799–800 (Tex.App.—Waco 1997, no writ). To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety to determine if the trial court abused its discretion. *Island Rec. Dev. v. Republic of Tex. Sav.,* 710 S.W.2d 551, 555 (Tex.1986); *Owens–Corning Fiberglas Corp. v. Martin,* 942 S.W.2d 712, 722 (Tex.App.—Dallas 1997, no writ).

In this case, "proximate cause" was defined in the charge, and the instruction accompanying Question 2 advised the jury: "Actual damages, if any, in a claim for intentional infliction of emotional distress may be awarded for the past and future value of reasonable compensation for the harm from such severe emotional distress *proximately caused* by such intentional infliction." (emphasis added). Considering the charge in its entirety, we conclude that the trial court did not abuse its discretion in its submission of Question 2. We overrule Husband's third cross-point.

### Remedy

In his first cross-point, Husband contends that in the event the JNOV is not affirmed, this Court should remand the case to the trial court for redivision of community property in light of the damage award. Wife argues that no redivision of the community estate is warranted.

Husband did not request findings of fact in support of his cross-point of error requesting redivision of community property in the divorce.[5] In a nonjury trial where findings of facts and conclu-

sions of law are not properly requested and none are filed, it will be implied that the trial court made all the necessary findings to support its judgment. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam). The judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.; In re W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984) (per curiam).

The trial court has wide discretion in dividing the marital estate of the parties. Tex.Fam.Code Ann. § 7.001 (Vernon 1998); *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985). In exercising its discretion, the trial court may consider many factors, including a disparity of incomes or of earning capacities, the spouses' capacities and abilities, benefits the party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Murff v. Murff,* 615 S.W.2d 696, 699 (Tex.1981). Equality in the division is not required, and this Court indulges every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Id.* at 698; *Johnson v. Johnson,* 948 S.W.2d 835, 838 (Tex.App.—San Antonio 1997, writ denied).

When a tort action is tried with the divorce, the court must avoid awarding a double recovery. *Twyman,* 855 S.W.2d at 625. A spouse should not be allowed to recover tort damages and a

---

5. When part of a cause is decided by a jury and part by the court, a party may request findings of fact and conclusions of law on the court-decided issues. *See Operation Rescue–Nat'l v. Planned Parenthood of Houston & Southeast Tex., Inc.,* 937 S.W.2d 60, 82 (Tex.App.—Houston [14th Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex.1998); *Shenandoah Assocs. v. J & K Properties, Inc.,* 741 S.W.2d 470, 484 (Tex.App.—Dallas 1987, writ denied) (op. on reh'g).

disproportionate division of the community estate based on the same conduct. *Id.* However, the court may still award a disproportionate division of property for reasons other than the tortious conduct. *Id.* Moreover, recovery for personal injuries of a spouse for intentional infliction of emotional abuse, including pain and suffering, is the separate property of the injured spouse, and, therefore, is not part of the marital estate subject to division by the court. *Schlueter,* 975 S.W.2d at 587; *Twyman,* 855 S.W.2d at 625 n. 20. Such a recovery does not add to the marital estate. *Twyman,* 855 S.W.2d at 625 n. 20; *see* TEX.FAM.CODE ANN. § 3.001(3) (Vernon 1998).

In this case, the tort action was tried separately from the divorce action. In her counter-petition for divorce, Wife claimed the marriage was insupportable and that Husband was guilty of adultery, but she did not request divorce on the ground of cruelty. Wife requested a disproportionate division of the marital estate for several reasons, including but not limited to the disparity of the educational background and earning power of the spouses, non-tort-related health issues, the respective separate estates of the spouses, Husband's mismanagement of the community estate, and reimbursement for community assets wasted by Husband. Wife's request for a disproportionate division of the marital estate did not refer to Husband's alleged abuse as a basis for such relief.

 Husband contends the court awarded Wife a disproportionate share of the community estate; however, he brings no point of error challenging the division of property. Husband provides no references to the record concerning the valuation of assets, nor does he direct us to evidence establishing that Wife was, in fact, awarded a disproportionate portion of the community estate, the court considered the tort claim when dividing the marital estate, or Wife would be provided a double recovery. The property division contained in the decree does not, on its face, appear to be disproportionate. Husband's cross-points do not challenge the implied finding that the trial court's division of community property is just and right, considering only reasons unrelated to Husband's tortious conduct.[6] Furthermore, the record includes evidence concerning Wife's non-tort-related claims that would support a disproportionate award of the marital estate. Husband has substantial separate property and significantly higher earning power than Wife.

We conclude that no redivision of the parties' community estate is required. Therefore, we overrule Husband's first cross-point.

## SANCTIONS

In her second point of error, Wife challenges the portion of the divorce decree that orders her to pay $120,000 to Husband as sanctions. She claims the sanction does not meet the requirement of rule of civil procedure 13 or former rule 215,[7] nor does it come under the court's inherent power to sanction. During the hearing

---

6. Where the trial court's findings and implied findings are unchallenged by complaint on appeal, they are binding upon the appellate court unless the contrary is established as a matter of law, or if there is no evidence to support the finding. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986); *Osuna v. Quintana,* 993 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1999, no pet.).

7. This case was tried under former rule 215. *See* TEX.R.CIV .P. 215 (1990), amended by orders of Aug. 5, 1998, and Nov. 9, 1998, eff. Jan. 1, 1999. However, the amendment to the rules of civil procedure made no substantial change to rule 215 that would affect our disposition of this case.

on divorce property issues, Husband requested the court sanction Wife and/or her attorney for:

> factually groundless pleadings that included adultery, expenditures on girl friends, financial torts, pauper's oath, and a motion to recuse;

> legally groundless pleadings that included pleading of non-existent financial causes of action;

> resistance to formal discovery such as failure to comply with subpoenas and deposition notices, appearing late for depositions, concealing evidence, and making evidence unavailable by instructing bank not to send statements;

> violation of court orders relating to discovery and production of evidence such as orders to produce documents, property, and receipts;

> violation of discovery agreements to produce bank and other financial records, documents requested for deposition, and financial records found in the home;

> failure to amend pleadings after special exceptions were sustained as to financial torts, maximum amount of damages, and separate causes of action.

During the hearing, Husband questioned Wife and her attorney concerning pretrial discovery and pleading issues. In the final judgment, the court found that Wife should be sanctioned "for her misconduct during the pendency of this cause," but the final judgment did not specify what conduct the court considered sanctionable. To support the judgment, in his second cross-point, Husband relies on the trial court's inherent power to sanction Wife for bad faith conduct during litigation; in the alternative, he argues the sanction should be affirmed as attorney's fees authorized as part of the just and right division of the marital estate.

■ A trial court's imposition of sanctions is reviewed under an abuse of discretion standard. *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997); *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 853 (Tex. 1992). Under an abuse of discretion standard, the appellate court reviews the entire record to determine if the trial court acted arbitrarily and unreasonably and thus abused its discretion. *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 444 (Tex.1997).

■ First, the sanction judgment cannot be upheld under rule 13 because it does not state the particulars of the "good cause" for imposing sanctions against Wife. *See* TEX.R.CIV.P. 13; *Barnum v. Munson, Munson, Pierce and Cardwell, P.C.,* 998 S.W.2d 284, 287 (Tex.App.—Dallas 1999, pet. denied) (trial court's judgment must state particulars of good cause for imposing sanctions); *Gorman v. Gorman,* 966 S.W.2d 858, 867–68 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) (trial court must state with particularity good cause for finding that pleadings upon which sanctions are based are groundless, frivolous, and brought for purposes of harassment).

■ Second, the sanction judgment for alleged pretrial discovery abuse cannot be upheld under former rule 215 because Husband did not obtain a pretrial ruling on these discovery disputes. *See Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex.1993) (failure to obtain pretrial ruling on discovery disputes that exist before commencement of trial constitutes waiver of any claim for sanctions based on that conduct).

■ Third, the trial court has inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the court's administration of its core functions including

hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment, and enforcing that judgment. *Metzger v. Sebek,* 892 S.W.2d 20, 51 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Shook v. Gilmore & Tatge Mfg. Co.,* 851 S.W.2d 887, 891 (Tex.App.—Waco 1993, writ denied); *Kutch v. Del Mar Coll.,* 831 S.W.2d 506, 509 (Tex.App.—Corpus Christi 1992, no writ). For inherent power to apply, there must be some support in the record that the conduct complained of significantly interfered with the court's legitimate exercise of one of these functions. *Williams v. Akzo Nobel Chems., Inc.,* 999 S.W.2d 836, 843 (Tex.App.—Tyler 1999, no pet.); *Shook,* 851 S.W.2d at 891; *Kutch,* 831 S.W.2d at 510. Here, we find no support in the record that Wife's conduct interfered with the court's exercise of any of its core functions.

Finally, Husband argues the sanction judgment should be affirmed as attorney's fees authorized in the divorce action. The trial court does not have inherent authority to award attorney's fees in a divorce action. *Pletcher v. Goetz,* 9 S.W.3d 442, 447–48 (Tex.App.—Fort Worth 1999, pet. denied); *Chiles v. Chiles,* 779 S.W.2d 127, 129 (Tex.App.—Houston [14th Dist.] 1989, writ denied), *overruled on other grounds by Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993). The court is authorized to consider attorney's fees as one of many factors when making a just and right division of the marital estate. *Pletcher,* 9 S.W.3d at 447–48; *Chiles,* 779 S.W.2d at 129. When awarding attorney's fees in a divorce action, the trial court has no authority to direct one party to expend separate property funds on the other's behalf for such fees. *Grossnickle v. Grossnickle,* 935 S.W.2d 830, 847 (Tex.App.—Texarkana 1996, writ denied). In this case, the trial court specifically awarded attorney's fees as sanctions, and it is apparent from the judgment and the record that the trial court did not award the attorney's fees as part of the division of community property.

Under the facts of this case, we conclude that the court abused its discretion in awarding sanctions in this cause. Therefore, we sustain Wife's second point of error and overrule Husband's second cross-point.

## CONCLUSION

Because we conclude the trial court erred in granting the JNOV for Husband, the evidence is factually sufficient to support the jury's finding of intentional infliction of emotional distress, there was no error in the jury charge on that cause of action, and no redivision of the parties' community estate is required under the facts of this case, we sustain Wife's first point of error and overrule Husband's first, third and fourth cross-points. Accordingly, we reverse the JNOV on Wife's claim for intentional infliction of emotional distress, reinstate the jury verdict, and remand to the trial court for entry of judgment for Wife for $325,000 as damages on her claim for intentional infliction of emotional distress and for the calculation and assessment of prejudgment and postjudgment interest on this award. *See* Tex.Fin.Code Ann. §§ 304.003, .102 (Vernon Supp.2001).

Because we conclude that the court abused its discretion in awarding sanctions against Wife in this cause, we sustain Wife's second point of error and overrule Husband's second cross-point. Accordingly, we reverse that portion of the trial court's judgment and render judgment that Husband take nothing on his claim for sanctions.

In all other respects, we affirm the trial court's judgment.