# NO. 12-08-00428-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRESA ANN FUNDERBURGH, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *ODIS BERNARD FUNDERBURGH, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Tresa Ann Funderburgh appeals the trial court's final decree of divorce. On appeal, Tresa presents two issues. We affirm.

### BACKGROUND

Tresa and Odis Bernard Funderburgh were married on January 7, 1983 and are the parents of one adult child. Tresa filed for divorce on August 6, 2007. Both parties acted strangely after Tresa filed for divorce, even in the context of parties going through a divorce. Tresa took Odis's pickup truck, and although she quickly returned it, she removed papers from his attorney that had been left in his truck. She also took Odis's guns and sold them, took papers related to their business, and removed furniture from their residence to Austin. She refused to answer discovery requests propounded by Odis. And Tresa's father took a four wheeler and a "workhorse" from the Funderburgh's residence and hid them at a friend's house. When Odis was living in the couple's residence, Tresa went to the house one night to retrieve her clothes, but Odis refused to let her into the house. When Tresa continued requesting entry, Odis responded by firing a gun in her general direction.

The conduct of the parties necessitated several hearings. Before the final hearing, Odis filed a motion for sanctions. Further, Tresa and Odis could not agree on a property division. At the conclusion of the final hearing, the trial court determined that Tresa was not being truthful in her testimony. In the final decree of divorce, the trial court granted Odis's motion for sanctions, finding that Tresa's conduct had caused a substantial portion of Odis's attorney's fees and costs, and that Tresa had sold and disposed of separate and community property in violation of the trial court's prior orders. The trial court stated that it considered the issue of monetary sanctions and attorney's fees in determining the property division. Odis was awarded the residence on Lake Tyler; all household furniture, furnishings, clothing, jewelry, cash, and personal effects in his possession or subject to his sole control, including but not limited to all items of personal property within the residence; and four vehicles including his pickup truck, the four wheeler, the "workhorse," and his adult son's truck. Tresa was awarded the furniture, furnishings, clothing, jewelry, cash, and personal effects in her possession or subject to her sole control, limited only to items in her possession at her Austin apartment or her parents' residence; her Jaguar sedan; and $57,882.65 to be paid by Odis. This appeal followed.

## DIVISION OF PROPERTY

In her first issue, Tresa argues that the trial court erred by dividing the community property in a manner that was manifestly unfair.

### Applicable Law

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). We review a trial court's division of property under an abuse of discretion standard. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App.—Tyler 2008, no pet.). In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.—Dallas 2001, pet. denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn*, 260 S.W.3d at 640. We reverse a trial court's division of property only if the error materially affects the court's just

2

and right division of the property. *Id.* Thus, errors in the valuation of property do not require reversal unless such errors cause the division made by the trial court to be manifestly unjust. *Id.* at 641. However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

A spouse is entitled to a division of only the property that the community owns at the time of the divorce. *Von Hohn*, 260 S.W.3d at 641. The assets of the community estate are valued as of the time of the dissolution of the marriage. *Id*. Moreover, the factfinder must have an evidentiary basis for its findings. *Salinas v. Rafati*, 948 S.W.2d 286, 289 (Tex. 1997). In order to determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *Wells v. Wells*, 251 S.W.3d 834, 840 (Tex. App.—Eastland 2008, no pet.). Tresa did not request findings of fact. We must, therefore, presume that the trial court made all the necessary findings to support its judgment. *Id.* at 838. A trial court's statements at the conclusion of trial are not findings of fact, nor are recitations in its judgment. *Id.* at 840-42.

## Application

Tresa contends that the trial court's division of the community estate was manifestly unjust and unfair. We disagree. The trial court did not file findings of fact that reflect the values it assigned to each asset or liability or the total value of the community property. Although the parties stipulated that the value of the Lake Tyler residence was $430,000, Odis testified that substantial repairs were needed. Also, Odis presented evidence that he had a reimbursement claim for separate property monies that paid for the residence. Again, we do not have the trial court's findings regarding the value of the residence, costs of repair, and value of Odis's reimbursement claim. Similarly, we do not have findings of fact as to the values of the other community property assets awarded to Tresa and Odis. Although Tresa attached a document to her brief that assigned values to the community property assets, this document is not part of the record. We cannot consider documents attached to an appellate brief that do not appear in the record. *See Till v. Thomas*, 10 S.W.3d 730, 733 (Tex.

3

App.—Houston [1st Dist.] 1999, no pet.). Further, this document cannot serve as a substitute for findings of fact by the trial court. *Wells*, 251 S.W.3d at 840-42.

It is difficult, and perhaps impossible, to determine that the trial court abused its discretion in its division of the community property when we do not know the percentage of the marital estate either party received. *See id.* at 840-41 (concluding that a party presents no basis for reversal when the trial court fails to make findings on the value of the community property assets). Without findings of fact, we do not know the basis for the division or the values assigned to the community assets by the trial court. *See Chacon v. Chacon*, 222 S.W.3d 909, 916 (Tex. App.—El Paso 2007, no pet.). Because we do not know what value the trial court assigned to the community property assets or the percentage of the property awarded to each party, we cannot conclude that the trial court abused its discretion in its division of the community property estate. Accordingly, Tresa's first issue is overruled.

### SANCTIONS

In her second issue, Tresa argues that the trial court erred by imposing sanctions. We review a trial court's order of sanctions under an abuse of discretion standard. *Toles*, 45 S.W.3d at 266. A trial court's order of sanctions involves two decisions: first, whether to impose a sanction, and second, what sanction to impose. *Davis v. Rupe*, 307 S.W.3d 528, 530-531 (Tex. App.—Dallas 2010, no pet.). A trial court has inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process. *Toles*, 45 S.W.3d at 266-267. For inherent power to apply, there must be some evidence and factual findings that the conduct complained of significantly interfered with the court's administration of its core functions: hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment, and enforcing that judgment. *Williams v. Akzo Nobel Chems. Inc.*, 999 S.W.2d 836, 843 (Tex. App.—Tyler 1999, no pet.). A party who makes misrepresentations to the court interferes with these core functions. *Davis*, 307 S.W.3d at 531. A trial court may require a party to pay attorney's fees or order other monetary sanctions such as heavy fines. *Williams*, 999 S.W.2d at 844.

Our review of the trial court's sanctions against Tresa meets the same impediment as our review of the trial court's division of the community estate. The trial court did not make a separate

4

award of sanctions against Tresa, but instead, simply considered the issue of Tresa's conduct in its division of property. While the record is clear that the trial court granted Odis's motion for sanctions against Tresa, the extent of the sanctions against her is difficult to specify without findings of fact from the trial court. *See Wells*, 251 S.W.3d at 840-41. In the final decree of divorce, the trial court stated that it considered attorney's fees in determining the division of the property, but then ordered each party to be responsible for his or her own attorney's fees. Further, the trial court stated that this decision was in order "to effect an equitable division of the estate of the parties." Because we do not know the extent of the sanctions against Tresa or in what manner the trial court considered sanctions in its determination of the division of the estate of the parties, we cannot conclude that the trial court abused its discretion in ordering sanctions against Tresa.

Tresa argues that it was improper for the trial court to impose sanctions on her at all. At trial, the evidence showed that Tresa took Odis's pickup truck and removed papers from his attorney that had been left in the truck, sold Odis's guns, took papers related to their business, and removed furniture from their residence to Austin. Tresa's father took a four wheeler and "workhorse" from the Funderburgh's residence and hid them with a friend. Further, there was evidence that Tresa committed perjury. Under the facts of this case, there was sufficient evidence that Tresa's conduct affected the trial court's core functions. *See Williams*, 999 S.W.2d at 843. Therefore, the trial court did not abuse its discretion in granting Odis's motion for sanctions.

We overrule Tresa's second issue.[1]

## DISPOSITION

Having overruled Tresa's first and second issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

---

[1] Odis argues that Tresa failed to present us with the entire record and that prior hearings are relevant to the issues in this appeal. We have a reporter's record of only the final hearing. Nevertheless, based on our determination that the trial court did not abuse its discretion, we need not address Odis's argument regarding a complete record. *See* TEX. R. APP. P. 47.1.