Peters v









NO. 12-08-00428-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TRESA ANN FUNDERBURGH,                 
§                    APPEAL FROM THE 

APPELLANT                        

 

V.                                                                     
§                    COUNTY COURT AT LAW #2

 

ODIS BERNARD FUNDERBURGH,

APPELLEE                                                    
§                    SMITH COUNTY, TEXAS







            MEMORANDUM
OPINION

            Appellant Tresa Ann Funderburgh appeals the trial court’s final decree of
divorce.  On appeal, Tresa presents two issues.  We affirm.

 

Background

Tresa
and Odis Bernard Funderburgh were married on January 7, 1983 and are the
parents of one adult child.  Tresa filed for divorce on August 6, 2007.  Both
parties acted strangely after Tresa filed for divorce, even in the context of
parties going through a divorce.  Tresa took Odis’s pickup truck, and although
she quickly returned it, she removed papers from his attorney that had been
left in his truck.  She also took Odis’s guns and sold them, took papers
related to their business, and removed furniture from their residence to
Austin. She refused to answer discovery requests propounded by Odis.  And
Tresa’s father took a four wheeler and a “workhorse” from the Funderburgh’s
residence and hid them at a friend’s house.  When Odis was living in the couple’s
residence, Tresa went to the house one night to retrieve her clothes, but Odis refused
to let her into the house.  When Tresa continued requesting entry, Odis
responded by firing a gun in her general direction.

The
conduct of the parties necessitated several hearings.  Before the final
hearing, Odis filed a motion for sanctions.  Further, Tresa and Odis could not
agree on a property division. At the conclusion of the final hearing, the trial
court determined that Tresa was not being truthful in her testimony.  In the
final decree of divorce, the trial court granted Odis’s motion for sanctions,
finding that Tresa’s conduct had caused a substantial portion of Odis’s
attorney’s fees and costs, and that Tresa had sold and disposed of separate and
community property in violation of the trial court’s prior orders.  The trial
court stated that it considered the issue of monetary sanctions and attorney’s
fees in determining the property division. Odis was awarded the residence on
Lake Tyler; all household furniture, furnishings, clothing, jewelry, cash, and
personal effects in his possession or subject to his sole control, including
but not limited to all items of personal property within the residence; and
four vehicles including his pickup truck, the four wheeler, the “workhorse,”
and his adult son’s truck.  Tresa was awarded the furniture, furnishings,
clothing, jewelry, cash, and personal effects in her possession or subject to
her sole control, limited only to items in her possession at her Austin
apartment or her parents’ residence; her Jaguar sedan; and $57,882.65 to be
paid by Odis.  This appeal followed.

 

Division of Property

In
her first issue, Tresa argues that the trial court erred by dividing the
community property in a manner that was manifestly unfair.  

Applicable
Law

In
a decree of divorce, a court shall order a division of the estate of the
parties in a manner that the court deems just and right, having due regard for
the rights of each party.  Tex. Fam.
Code Ann. § 7.001 (Vernon 2006).  
We review a trial court’s division of property under an abuse of
discretion standard.  Von Hohn v. Von Hohn, 260 S.W.3d 631, 640
(Tex. App.—Tyler 2008, no pet.).  In determining whether the trial court abused
its discretion, we review the entire record to determine if the trial court
acted arbitrarily and unreasonably.  Toles v. Toles, 45 S.W.3d
252, 266 (Tex. App.—Dallas 2001, pet. denied).  A trial court does not abuse
its discretion if there is some evidence of a substantive and probative
character to support the decision.  Von Hohn, 260 S.W.3d at 640.
 We reverse a trial court’s division of property only if the error
materially affects the court’s just and right division of the property.  Id. 
Thus, errors in the valuation of property do not require reversal unless such
errors cause the division made by the trial court to be manifestly unjust.  Id.
at 641. However, once reversible error affecting the “just and right” division
of the community estate is found, an appellate court must remand the entire
community estate for a new division.  Sheshtawy v. Sheshtawy, 150
S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (quoting Jacobs
v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985)).

A
spouse is entitled to a division of only the property that the community owns
at the time of the divorce.  Von Hohn, 260 S.W.3d at 641.  The
assets of the community estate are valued as of the time of the dissolution of
the marriage.  Id.  Moreover, the factfinder must have an
evidentiary basis for its findings.  Salinas v. Rafati, 948
S.W.2d 286, 289 (Tex. 1997).  In order to determine whether the assets of the
community estate were divided in a “just and right” manner, an appellate court
must have the trial court’s findings on the value of those assets. Wells
v. Wells, 251 S.W.3d 834, 840 (Tex. App.—Eastland 2008, no pet.).  Tresa
did not request findings of fact. We must, therefore, presume that the trial
court made all the necessary findings to support its judgment.  Id.
at 838.  A trial court’s statements at the conclusion of trial are not findings
of fact, nor are recitations in its judgment.  Id. at 840-42.

Application

Tresa
contends that the trial court’s division of the community estate was manifestly
unjust and unfair. We disagree. The trial court did not file findings of fact
that reflect the values it assigned to each asset or liability or the total
value of the community property. Although the parties stipulated that the value
of the Lake Tyler residence was $430,000, Odis testified that substantial
repairs were needed.  Also, Odis presented evidence that he had a reimbursement
claim for separate property monies that paid for the residence. Again, we do
not have the trial court’s findings regarding the value of the residence, costs
of repair, and value of Odis’s reimbursement claim. Similarly, we do not have
findings of fact as to the values of the other community property assets
awarded to Tresa and Odis.  Although Tresa attached a document to her brief
that assigned values to the community property assets, this document is not part
of the record. We cannot consider documents attached to an appellate brief that
do not appear in the record.  See Till v. Thomas, 10 S.W.3d 730,
733 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  Further, this
document cannot serve as a substitute for findings of fact by the trial court.   Wells,
251 S.W.3d at 840-42.

It
is difficult, and perhaps impossible, to determine that the trial court abused
its discretion in its division of the community property when we do not know
the percentage of the marital estate either party received.  See id.
at 840-41 (concluding that a party presents no basis for reversal when the
trial court fails to make findings on the value of the community property assets).
 Without findings of fact, we do not know the basis for the division or the
values assigned to the community assets by the trial court. See Chacon
v. Chacon, 222 S.W.3d 909, 916 (Tex. App.—El Paso 2007, no pet.). 
Because we do not know what value the trial court assigned to the community
property assets or the percentage of the property awarded to each party, we
cannot conclude that the trial court abused its discretion in its division of
the community property estate. Accordingly, Tresa’s first issue is overruled.

 

Sanctions

In
her second issue, Tresa argues that the trial court erred by imposing sanctions.
We review a trial court’s order of sanctions under an abuse of discretion
standard.  Toles, 45 S.W.3d at 266.  A trial
court’s order of sanctions involves two decisions: first, whether to impose a
sanction, and second, what sanction to impose.  Davis v. Rupe,
307 S.W.3d 528, 530-531 (Tex. App.—Dallas 2010, no pet.).  A trial court has inherent
power to sanction to the extent necessary to deter, alleviate, and counteract
bad faith abuse of the judicial process.  Toles, 45 S.W.3d at
266-267.  For inherent power to apply, there must be some evidence and factual
findings that the conduct complained of significantly interfered with the
court's administration of its core functions: hearing evidence, deciding issues
of fact raised by the pleadings, deciding questions of law, entering final
judgment, and enforcing that judgment.  Williams v. Akzo Nobel Chems.
Inc., 999 S.W.2d 836, 843 (Tex. App.—Tyler 1999, no pet.).  A party who
makes misrepresentations to the court interferes with these core functions.  Davis,
307 S.W.3d at 531.  A trial court may require a party to pay attorney's fees or
order other monetary sanctions such as heavy fines.  Williams,
999 S.W.2d at 844.    

Our
review of the trial court’s sanctions against Tresa meets the same impediment
as our review of the trial court’s division of the community estate.  The trial
court did not make a separate award of sanctions against Tresa, but instead,
simply considered the issue of Tresa’s conduct in its division of property.  While
the record is clear that the trial court granted Odis’s motion for sanctions
against Tresa, the extent of the sanctions against her is difficult to specify
without findings of fact from the trial court.  See Wells, 251
S.W.3d at 840-41.  In the final decree of divorce, the trial court stated that
it considered attorney’s fees in determining the division of the property, but
then ordered each party to be responsible for his or her own attorney’s fees.
Further, the trial court stated that this decision was in order “to effect an
equitable division of the estate of the parties.” Because we do not know the
extent of the sanctions against Tresa or in what manner the trial court
considered sanctions in its determination of the division of the estate of the
parties, we cannot conclude that the trial court abused its discretion in
ordering sanctions against Tresa.

Tresa
argues that it was improper for the trial court to impose sanctions on her at
all. At trial, the evidence showed that Tresa took Odis’s pickup truck and
removed papers from his attorney that had been left in the truck, sold Odis’s
guns, took papers related to their business, and removed furniture from their
residence to Austin. Tresa’s father took a four wheeler and “workhorse” from
the Funderburgh’s residence and hid them with a friend.  Further, there was
evidence that Tresa committed perjury.  Under the facts of this case, there was
sufficient evidence that Tresa’s conduct affected the trial court’s core
functions.  See Williams, 999 S.W.2d at 843.  Therefore,
the trial court did not abuse its discretion in granting Odis’s motion for
sanctions.

We
overrule Tresa’s second issue. [1]

 

Disposition

Having
overruled Tresa’s first and second issues, we affirm the judgment
of the trial court.

                                                                   Brian
Hoyle

                                                                                           
Justice

                                                                                       

Opinion delivered July 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

(PUBLISH)









                [1] Odis argues that Tresa failed to present us with the
entire record and that prior hearings are relevant to the issues in this
appeal.  We have a reporter’s record of only the final hearing.  Nevertheless,
based on our determination that the trial court did not abuse its discretion,
we need not address Odis’s argument regarding a complete record.  See Tex. R. App. P. 47.1.