Adel SHESHTAWY, Tri–Max Industries, Inc., and Drill Bit Industries, Inc., Appellants,

v.

Amal SHESHTAWY, Appellee.

No. 04–03–00109–CV.

Court of Appeals of Texas, San Antonio.

Sept. 29, 2004.

Rehearing Overruled Oct. 21, 2004.

Richard N. Countiss, Countiss Law Firm, Eileen M. Gaffney, Houston, for appellants.

Shawn R. Casey, Karen D. Poe, Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

This is an appeal from a divorce case dissolving the marriage of Adel Sheshtawy ("Adel") and his wife, Amal Sheshtawy ("Amal"). Adel asserts seven issues on appeal, and Tri–Max Industries, Inc. ("TMI") and Drill Bit Industries, Inc. ("DBI") assert one issue challenging the trial court's award of a 60% interest in patents to Amal. Because the trial court erred with regard to the patent award, spousal maintenance award, and the imposition of a lien on Adel's separate property, we reverse the portion of the trial court's judgment relating to the division of property and remand the cause for further proceedings consistent with this opinion. The remainder of the trial court's judgment is affirmed.

## BACKGROUND

Adel and Amal were married on May 16, 1996. Adel filed for divorce on December 14, 2000. Amal filed an answer and a counter petition for divorce on February 6, 2001. Amal also filed a third party cross-petition against DBI and TMI, alleging that the corporations are the alter egos of Adel.

Both Adel and Amal appeared pro se at trial while DBI and TMI were represented by counsel. At the end of the trial, the trial court announced his rulings and directed Adel to prepare a judgment and set the case for entry of judgment. After a few continuances, a hearing for the entry of judgment was held on September 13, 2002. Although Adel again appeared pro se, Amal was represented by counsel at the hearing. The trial court entered judgment on the divorce decree prepared by Amal's counsel.

## PATENT AWARD

In Adel's first issue on appeal and TMI/DBI's sole issue on appeal, Adel and TMI/DBI contend that the trial court erred in awarding Amal a 60% interest in any and all patents existing or applied for during the marriage, including United States Patent No. 6,189,631B1. Adel and TMI–DBI contend that the award was erroneous because: (1) federal law preempts

state law and forbids such an award; (2) Adel does not own the patent; and (3) the evidence is legally or factually insufficient to support the award. Adel and TMI/DBI argue that the specific patent was not among the exhibits offered at trial; therefore, there was no evidence introduced at trial that Adel acquired or owned such a patent during the marriage. Moreover, Adel and TMI/DBI entered into a development agreement before the marriage pursuant to which Adel assigned his rights in any resulting patents to TMI/DBI.

With regard to the preemption claim, Adel and TMI/DBI primarily rely on the Fifth Circuit's decision in *Rodrigue v. Rodrigue*, to contend that federal law preempts community property law in regard to patents. 218 F.3d 432 (5th Cir. 2000). However, in *Rodrigue*, the Fifth Circuit actually held that federal law did not preempt Louisiana's community property law in regard to copyrights. *Id.* at 442. The Fifth Circuit stated, "We discern nothing in the Act's plain wording or legislative history to indicate that Congress—fully aware of the existence of community property laws in a number of states—had any intention of preempting that entire body of non-federal law as well." *Id.* at 440. At least one Texas court has noted that patents taken out during the marriage and the income generated from those patents are community property. *Alsenz v. Alsenz*, 101 S.W.3d 648, 653 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *see generally* John A. Thomas, *Who Owns the Invention?*, 62 TEX. B.J. 996, 1002 (1999) (recognizing joint ownership of a patent may be created by divorce). Since we have not been provided authority to support Adel's preemption claim and have found authority applying Texas's community property laws to patents, we conclude that federal law does not preempt community property law in regard to patents.

■ We next consider the sufficiency of the evidence supporting the patent award. Adel and TMI/DBI challenge the trial court's implied finding that Adel owned the patents during the marriage. In reviewing the legal sufficiency of the evidence, we consider only the evidence and inferences tending to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *See Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex.2002). In reviewing the factual sufficiency of the evidence, we must consider and weigh all the evidence and may overturn the finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). If we overturn a finding on a factual sufficiency ground, we must "clearly state why the [ ] finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust." *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

Our review of the record reveals minimal evidence regarding Adel's inventions and patents. At trial, Adel testified he owned 16 patents, all of which had been registered before the marriage. Adel stated that he had not registered any patents during the marriage. Although Amal elicited testimony from Deborah Panzer, a former accounting secretary at TMI/DMI, indicating that Adel had invented some new drill bits in the last 3 to 4 years, Amal failed to proffer evidence showing that Adel had registered a patent during the marriage. At the conclusion of trial, the trial court orally announced its decision:

[T]he Court is awarding Mrs. Sheshtawy, since Mr. Sheshtawy testified that he was not an employee of the company and not a shareholder of the company, then any patents, trademarks, copyrights or pending application for pat-

ents, trademarks or copy rights would be community property. [I]f those were filed ... any time during the marriage, I'll award Mrs. Sheshtawy a 60 percent interest in those items.... He's testified there aren't any, so it shouldn't be a problem[.]

This ruling demonstrates the trial court's assessment that no evidence had been offered to show Adel filed any patents during the marriage.

At the hearing on the entry of the divorce decree, the decree proposed by Amal made mention of a specific patent. At this point, Amal was represented by an attorney, Shawn Casey. Casey offered a certified copy of a document from the patent office that allegedly showed that a specific patent was "actually in [Adel's] name [and] acquired during the course of the marriage." Although the record reflects that this document was admitted into evidence, the document is not part of the record. In response, Adel argued that Amal knew that the patent had been under development since 1995 and belonged to DBI. Adel explained to the trial court that he was a party to an agreement with DBI. Under the terms of the agreement, DBI bought Adel's concept for a tool, paid for its development, and paid for the resulting patent. The trial court confronted Adel regarding his inconsistent testimony that he had not registered any patents during the marriage. Adel responded that he had been questioned regarding whether he owned any patents during the marriage and that he had not owned any patents because they belonged to DBI under their 1995 agreement. Although the product development agreement was not admitted as evidence at the hearing, it is included in the record as an attachment to Adel's "motion to modify, correct or reform the final decree of divorce."

Following the foregoing arguments at the hearing, the trial court signed a divorce decree that awarded Amal a "sixty percent (60%) interest in and to any and all patents, trademarks, copyrights and any other pending patent applications or continuations in part applications and reissued or re-examined applications continuation or divisional relating thereto (hereinafter collectively called "patent"), existing or applied for during the period of [Adel] and [Amal]'s marriage, including but not limited to, a sixty percent (60%) undivided interest in United States patent No. 6,189,-631B1 filed November 12, 1998 and issued February 20, 2001 entitled "Drilling Tools With Extendable Elements".... Accepting that Casey's unsworn reference to a certified copy of a document from the patent office is legally sufficient to support the trial court's general award of patent rights, the evidence is factually insufficient to support the award of the specific patent. The document is not contained within our record, and Casey's unsworn statement did not reveal the patent number or the nature of the patented invention. Furthermore, Adel's alleged ownership of any patents filed during the marriage was substantially called into question by Adel's unrefuted testimony regarding the existence of the 1995 product development agreement between Adel and DBI. Because the agreement was not introduced into evidence, but was only attached to a post-judgment motion, the record does not conclusively establish that Adel did not own any patents filed during the marriage; however, a finding that Adel owned any such patents is contrary to the great weight and preponderance of the evidence. We sustain Adel's first issue and TMI/DBI's sole issue.

## SPOUSAL MAINTENANCE

■ In his second issue, Adel contends that the trial court erred by ordering

spousal maintenance in the amount of $600 per month for three years because the minimal legal and evidentiary requirements that must be satisfied to impose a spousal maintenance order were not met. We review an award of spousal maintenance under an abuse of discretion standard. *Smith v. Smith,* 115 S.W.3d 303, 305 (Tex.App.-Corpus Christi 2003, no pet.); *Alexander v. Alexander,* 982 S.W.2d 116, 119 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Thus, we will not disturb an order awarding spousal maintenance unless the trial court acts arbitrarily or unreasonably, or without any reference to guiding rules and principles. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995); *Limbaugh v. Limbaugh,* 71 S.W.3d 1, 12 (Tex.App.-Waco 2002, no pet.).

■ The Texas Family Code authorizes trial courts to award spousal maintenance only if the parties meet certain eligibility requirements. TEX. FAM.CODE ANN. § 8.051 (Vernon Supp.2004). When, as here,[1] "the spouse from whom maintenance is requested was convicted of . . . a criminal offense that also constitutes an act of family violence under Title 4 and [the] offense occurred: (A) within two years before the date on which a suit for dissolution of the marriage is filed; or (B) while the suit is pending," the requesting spouse is eligible for spousal maintenance. TEX. FAM.CODE ANN. § 8.051(1) (Vernon Supp.2004). Once a court determines that a spouse is eligible for maintenance payments, section 8.052 provides a non-exhaustive list of factors the court may consider in determining "the nature, amount, duration, and manner of periodic payments." *See* TEX. FAM.CODE ANN. § 8.052 (Vernon Supp.2004); *Limbaugh,* 71 S.W.3d at 12–13. Generally, it is presumed that maintenance is not war-

ranted unless the spouse seeking maintenance has exercised diligence in:

(1) seeking suitable employment; or

(2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage is pending.

TEX. FAM.CODE ANN. § 8.053(a) (Vernon Supp.2004). This presumption does not apply, however, "to a spouse who is not able to satisfy the presumption [ ] because of an incapacitating physical or mental disability." TEX. FAM.CODE ANN. § 8.053(b) (Vernon Supp.2004). Thus, a spouse who is unable to seek employment or develop employment skills due to an incapacitating physical or mental disability can in essence rebut the presumption with proof of his or her disability.

Adel contends, in part, that the trial court erred in awarding spousal maintenance to Amal because she failed to rebut the presumption that spousal maintenance is unwarranted. Our review of the record reveals that Amal presented no evidence that she had been diligently seeking employment or developing skills necessary to become self-supporting. Amal's only testimony regarding employment was delivered at a pretrial hearing on temporary orders. At that hearing, Amal testified that she had not sought employment after Adel and Amal's separation because she did not have legal residency papers, and she admitted that she had not attempted to apply for legal residency papers after the separation. Moreover, Amal offered no evidence that she had an incapacitating physical or mental disability. Therefore, Amal failed to provide any evidence to rebut the presumption that spousal maintenance was unwarranted, and the trial court abused its

---

1. Adel admits that he was convicted of assaulting Amal and that the offense occurred on November 6, 2000. He disputes his guilt, and his conviction is currently on appeal.

discretion in ordering spousal maintenance in the divorce decree. Adel's second issue is sustained.

## Motion to Recuse

■ In his third issue, Adel contends that his two recusal motions were erroneously denied and that the visiting judge erroneously quashed the subpoena served on the trial judge, the Honorable Frank Rynd. First, Adel contends that the visiting judge erroneously quashed the subpoena regarding Judge Rynd because Adel would have elicited testimony relevant to Judge Rynd's alleged impartiality. Adel, however, made no attempt to secure an offer of proof or present a bill of exception memorializing the substance of the testimony he sought to elicit from Judge Rynd. Thus, Adel has failed to preserve error with regard to the granting of the motion to quash. *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 339 (Tex.App.-San Antonio 2000, pet. denied) (failure to make an offer of proof waives any complaint about the exclusion of the evidence on appeal); *Ludlow v. DeBerry*, 959 S.W.2d 265, 270 (Tex. App.-Houston [14th Dist.] 1997, no writ).

■ Second, Adel contends that the visiting judge erroneously denied his motion to recuse because the evidence demonstrated that Judge Rynd's "impartiality might reasonably be questioned," and Judge Rynd had a personal bias in favor of Amal and a prejudice against Adel. Rule 18b(2) of the Texas Rules of Civil Procedure provides that a judge shall recuse himself in any proceeding in which "his impartiality might reasonably be questioned," or "he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Tex.R. Civ. P. 18b(2). If a motion to recuse is denied, the judge's ruling "may be reviewed for abuse of discretion on appeal from the final judgment." Tex.R. Civ. P. 18a(f).

■ The visiting judge denied Adel's motion to recuse on the grounds that Adel had failed to present any evidence to support the motion. In an effort to show Judge Rynd's alleged destruction and manipulation of the record, Adel elicited the testimony of Judge Rynd's court reporter, who testified that she only recorded hearings when instructed by the trial judge and that at least two hearings had not been recorded. This testimony does not show a destruction or manipulation of the record. In an effort to show Judge Rynd's partiality for Amal, Adel elicited the testimony of Shawn Casey, Amal's attorney at the end of the trial and in post-trial proceedings, who testified that he and Judge Rynd had both been members of the same social club in college; he had been a speaker at Judge Rynd's swearing in ceremony; Judge Rynd had dinner at his home; and he had contributed to Judge Rynd's campaign. Adel alleges that Casey's testimony shows a long and close relationship between Judge Rynd and Casey and serves as evidence that Judge Rynd was partial to Casey and his client, Amal.

■■ In his argument at the recusal hearing, Adel also eluded to sections of the trial record which he argued showed disparaging and belittling remarks by Judge Rynd to Adel. However, "judicial remarks during the course of a trial that are critical or disapproving or even hostile to counsel, parties, or their cases, ordinarily do not support recusal." *Ludlow,* 959 S.W.2d at 271. "Such remarks may [support recusal] if they reveal an opinion deriving from an extrajudicial source, and such remarks will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Here, during the recusal hearing, Adel offered two excerpts from the trial record into evidence

to show Judge Rynd's alleged favoritism for Amal and antagonism toward Adel. We do not believe these excerpts reveal any statements that support recusal.

Having reviewed the recusal hearing record, we do not find that the visiting judge acted arbitrarily or unreasonably, or without any reference to guiding rules and principles, in ruling on Adel's motion to recuse. *E.I. du Pont de Nemours & Co.*, 923 S.W.2d at 558. Thus, the visiting judge did not abuse his discretion in denying Adel's motion to recuse. Adel's third issue is overruled.

### DEED OF TRUST ON SEPARATE PROPERTY

■ In his fourth issue, Adel contends that the trial court erred in ordering him to secure a deed of trust on his separate property in favor of Amal in order to secure Adel's assumption of the community indebtedness. Adel argues that the circumstances in this case do not authorize the trial court to impose a lien on his separate property.

■ When dividing marital property on divorce, trial courts may impose equitable liens on one spouse's separate real property to secure the other spouse's claim for economic contribution or right of reimbursement for community improvements to that property. TEX. FAM.CODE ANN. § 3.407 (Vernon Supp.2004); *Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex.1992). Trial courts, however, may not impress such liens simply to ensure a just and right division. *Heggen*, 836 S.W.2d at 146.

Here, Adel and Amal borrowed $135,000 and secured the loan with a lien on Adel's separate property, which was their home. The divorce decree ordered Adel to assume this community debt. In addition, the decree ordered Adel to secure, execute, acknowledge, and surrender a deed of trust on the home in favor of Amal in order to secure his assumption of the com- munity debt. The trial court did not find that Amal had a claim for economic contri- bution or a claim of a right of reimburse- ment for community improvements to Adel's separate property. Thus, the trial court erred by imposing an equitable lien on Adel's separate property for reasons other than to secure Amal's claim for eco- nomic contribution or Amal's right of reim- bursement. *See Heggen*, 836 S.W.2d at 146. We sustain Adel's fourth issue.

### TRIAL PREPARATION

■ In his fifth issue, Adel contends that he was denied his constitutional right to have adequate time to prepare for trial. Adel was incarcerated ten days before trial under an order of commitment that was issued by the trial court because Adel failed to comply with the trial court's tem- porary orders. Since Adel appeared pro se, he argues his incarceration made it difficult for him to prepare for trial. How- ever, Adel failed to move for a continuance at trial and instead opposed Amal's motion for a continuance. Thus, Adel failed to preserve this issue for our review by fail- ing to move for continuance on the grounds that he did not have adequate time to prepare for trial. *See Gonzalez v. Nielson*, 770 S.W.2d 99, 101 (Tex.App.- Corpus Christi 1989, writ denied). Adel's fifth issue is overruled.

### DIVISION OF PROPERTY

■ In his sixth issue, Adel contends that the trial court abused its discretion in dividing the community estate because (1) the court could not award the patent rights to Amal as a matter of a law, (2) there was no justification for giving Amal a 60% in- terest in patent rights that developed from a concept solely developed by Adel before marriage, and (3) the trial court ordered Adel to pay in its entirety the only sizeable community debt. It is well settled that

Texas courts are given wide discretion to divide the property of the community estate in a manner that the court deems "just and right," and this discretion will not be disturbed on appeal unless it is clearly demonstrated that the trial court has abused its discretion. TEX. FAM.CODE ANN. § 3.63 (Vernon 1993); *Smith v. Smith,* 715 S.W.2d 154, 155 (Tex.App.-Texarkana 1986, no writ); *Allen v. Allen,* 646 S.W.2d 495, 496 (Tex.App.-Houston [1st Dist.] 1982, no writ). The mere fact that the community estate is unequally divided does not constitute an abuse of discretion. *Zamora v. Zamora,* 611 S.W.2d 660, 662 (Tex.Civ.App.-Corpus Christi 1980, no writ).

 "Once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division." *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985). When a trial court mischaracterizes separate property as community property, the error requires reversal because the subsequent division divests a spouse of his or her separate property. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977); *McElwee v. McElwee,* 911 S.W.2d 182, 189 (Tex.App.-Houston [1st Dist.] 1995, pet. denied). Similarly, when a trial court includes a valuable asset belonging to a third party in its division, the mischaracterization of the third party's property is reversible error affecting the trial court's "just and right" division, and the entire community estate must be remanded for a new division. *Hopf v. Hopf,* 841 S.W.2d 898, 902 (Tex.App.-Houston [14th Dist.] 1992, no pet.).

With regard to the patent awards, we previously held that the evidence is factually insufficient to support the trial court's characterization of the patent rights. Because the trial court may have mischaracterized property belonging to a third party as a part of the community estate, the division of the entire community estate must be remanded for the trial court to reconsider. *See Hopf,* 841 S.W.2d at 902.

 Adel also raises a complaint regarding the trial court's division of the community debt. Because this issue is likely to arise when the trial court considers the division of the community estate on remand, we briefly address Adel's complaint. The trial court ordered Adel to pay the most sizeable community debt, which had been reduced to $120,000 from its initial principal balance of $135,000. Adel argues that by allocating this entire debt to Adel, the trial court's division of the property was manifestly unfair. Testimony varied regarding the use of the loan proceeds. Amal testified that the proceeds were placed in an account for the benefit of TMI/DBI while Adel testified that much of the proceeds were used to cover the losses of American Medical Supply, another company that was owned by Adel. Under both accounts, the debt was incurred by the couple for Adel's business or business activities. Thus, the trial court did not abuse its discretion by ordering Adel to pay this debt. *See Morris v. Morris,* 894 S.W.2d 859, 863 (Tex.App.-Fort Worth 1995, no writ) (holding that it was not abuse of discretion to award the husband debts that were incurred by him for his business). Adel's sixth issue is overruled.

### JUDICIAL CONSENT TO FILE SUIT

 In his seventh issue, Adel contends the trial court erred by imposing an anti-suit injunction, prohibiting Adel from suing third parties who were collaterally involved in the matter. Adel conceded, however, that no written order exists with regard to such an injunction. Instead, Adel raises this issue in the event "the

court's actions can be construed as a continuation of the injunction." Because Adel is unable to provide a record cite to a written order, the record does not support his contention. Without support in the record, Adel's seventh issue has not been preserved for this court's consideration. *See* Tex.R.App. P. 33.1, 38.1(h).

## Conclusion

The portion of the trial court's judgment relating to the division of the community estate is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion. The remainder of the trial court's judgment is affirmed.