# NO. 12-09-00212-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JANET HARRIS PENNINGTON,* *APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *RONALD LEE PENNINGTON,* *APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Janet Pennington (Janet), appearing pro se, appeals the trial court's final decree of divorce. On appeal, Janet presents nine issues. We affirm.

### BACKGROUND

Ronald Lee Pennington (R.L.) and Janet were married in 1994, and R.L. filed a petition for divorce on November 12, 2008. The trial court conducted the final divorce hearing on March 4, 2009 and signed the final decree of divorce on May 22, 2009. In this divorce decree, R.L. was awarded one piece of real property located in San Augustine County, Texas, various personal property, funds on deposit in a Compass bank account, all sums related to benefits existing by reason of R.L.'s employment, such as retirement, pension, stock, 401(k), and disability, and a 2000 Dodge Pickup. Janet was awarded two pieces of real property (one in Nacogdoches County and one in Angelina County), various personal property, a 2000 Toyota Camry, and a "mineral interest in the Spivey property." The division of property also assigned the debts of the estate. R.L. was assigned the debt owed on two credit cards and all unassigned debt that he and Janet incurred from and after November 1, 2008. Janet was assigned debts owed on three credit cards, medical bills, and all unassigned debt that she and R.L. incurred from and after November

1, 2008. Further, the decree confirmed other property as either R.L.'s or Janet's separate property.

On June 3, 2009, Janet filed for a motion for new trial stating that the evidence was legally and factually insufficient to support the property division and that the trial court abused its discretion in making the property division. After the hearing, the trial court denied the motion and signed an order stating that the evidence is sufficient and the court did not abuse its discretion. This appeal followed.

## DIVISION OF PROPERTY

In her first issue, Janet argues that the trial court awarded R.L. a disproportionate share of the marital assets. In her ninth issue, Janet asserts that in dividing the marital assets, the trial court did not assign the correct value to her claims for economic contribution and reimbursement. Because these two issues are related, we address them together.

### Standard of Review and Applicable Law

Trial courts shall divide the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). We review a trial court's division of property under an abuse of discretion standard. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App.–Tyler 2008, no pet.). In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn*, 260 S.W.3d at 640. We reverse a trial court's division of property only if the error materially affects the court's just and right division of the property. *Id*. Thus, errors in the valuation of property do not require reversal unless the errors cause the division made by the trial court to be manifestly unjust. *Id.* at 641. Once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

A spouse is entitled to a division of only the property that the community owns at the time of the divorce. *Von Hohn*, 260 S.W.3d at 641. The assets of the community estate are

2

valued as of the time of the dissolution of the marriage. *Id*. Moreover, the factfinder must have an evidentiary basis for its findings. *Salinas v. Rafati*, 948 S.W.2d 286, 289 (Tex. 1997). If the trial court did not make any valuation findings, an appellate court does not know what share of the marital estate either party received. *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.– Eastland 2008, no pet.). When the record does not include any findings of fact or conclusions of law filed by the trial court or any request for findings of fact and conclusions of law, we must presume the trial court made all the necessary findings to support its judgment. *Id*. at 838. If the trial court's implied findings are supported by the evidence, we must uphold the judgment on any theory of law applicable to the case. *Id*. at 838-39.

## Analysis

Janet complains that the trial court awarded R.L. a disproportionate share of the marital assets. However, Janet did not timely request findings of fact from the trial court. *See* TEX. R. CIV. P. 296. Consequently, the trial court did not file findings of fact that reflected the values it assigned to each asset or liability or the total value of the community property. Without findings of fact, we do not know what share of the marital estate each party received, the basis for the division, or the values the trial court assigned to the community assets. *See Chacon v. Chacon*, 222 S.W.3d 909, 916 (Tex. App.–El Paso 2007, no pet.). Nor do we know the values the trial court assigned Janet's economic contribution and reimbursement claims. *See id*. Furthermore, we must presume that the trial court made all the necessary findings to support its judgment. *Wells*, 251 S.W.3d at 841. When we apply this presumption to the record before us, we cannot conclude that the trial court abused its discretion in dividing the community estate. Accordingly, we overrule Janet's first and ninth issues.

## NEW EVIDENCE

In her second issue, Janet argues that she has new evidence to show she had more assets at the time she was married. Specifically, Janet asserts that various medical conditions prevented her from remembering past details clearly at trial. She contends that she asked her attorney the night before trial for a continuance, but that her attorney stated that it would cost more money if the trial was delayed, which Janet asserts she could not afford. Consequently, she asks this court to consider the evidence. Because the record reflects that this evidence was not presented to the trial court, it is not part of the record and cannot be considered on appeal. *See Hartman v. State*,

198 S.W.3d 829, 842-43 (Tex. App.–Corpus Christi 2006, no pet.) ("[A]ppellate courts cannot consider items which are not part of the record from the trial court."). We overrule Janet's second issue.

### FALSE TESTIMONY

In her third, fourth, fifth, sixth, seventh, and eighth issues, Janet argues that R.L. gave false testimony during the final hearing on the divorce. "In a bench trial, the trial court is the sole judge of the credibility of the witnesses, assigns the weight to be given their testimony, may accept or reject all or any part of their testimony, and resolves any conflicts or inconsistencies in the testimony." *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.–Fort Worth 2009, no pet.) (quoting *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.–Dallas 2008, no pet.)); *see also Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981). As a reviewing court, "we may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence." *Id*. Because the trial court was the exclusive judge of R.L.'s credibility, we cannot conclude that the trial court abused its discretion by believing R.L.'s testimony. We overrule Janet's third, fourth, fifth, sixth, seventh, and eighth issues.

### DISPOSITION

The judgment of the trial court is *affirmed*.

### BRIAN T. HOYLE
Justice

Opinion delivered February 28, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4