NO. 12-09-00212-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JANET HARRIS PENNINGTON,              §          APPEAL
FROM THE 1ST

APPELLANT

                                                                        

V.                                                                    §          JUDICIAL
DISTRICT COURT OF

 

RONALD LEE PENNINGTON,

APPELLEE                                                   §          SAN
AUGUSTINE COUNTY, TEXAS







MEMORANDUM
OPINION

            Janet Pennington (Janet), appearing pro se, appeals the trial court’s
final decree of divorce.  On appeal, Janet presents nine issues.  We affirm.

 

Background

Ronald
Lee Pennington (R.L.) and Janet were married in 1994, and R.L. filed a petition
for divorce on November 12, 2008.  The trial court conducted the final divorce
hearing on March 4, 2009 and signed the final decree of divorce on May 22,
2009.  In this divorce decree, R.L. was awarded one piece of real property
located in San Augustine County, Texas, various personal property, funds on
deposit in a Compass bank account, all sums related to benefits existing by
reason of R.L.’s employment, such as retirement, pension, stock, 401(k), and
disability, and a 2000 Dodge Pickup.  Janet was awarded two pieces of real
property (one in Nacogdoches County and one in Angelina County), various
personal property, a 2000 Toyota Camry, and a “mineral interest in the Spivey
property.”  The division of property also assigned the debts of the estate. 
R.L. was assigned the debt owed on two credit cards and all unassigned debt
that he and Janet incurred from and after November 1, 2008.  Janet was assigned
debts owed on three credit cards, medical bills, and all unassigned debt that
she and R.L. incurred from and after November 1, 2008.  Further, the decree
confirmed other property as either R.L.’s or Janet’s separate property.

On
June 3, 2009, Janet filed for a motion for new trial stating that the evidence
was legally and factually insufficient to support the property division and
that the trial court abused its discretion in making the property division. 
After the hearing, the trial court denied the motion and signed an order
stating that the evidence is sufficient and the court did not abuse its
discretion.  This appeal followed.

 

Division of Property

In
her first issue, Janet argues that the trial court awarded R.L. a
disproportionate share of the marital assets.  In her ninth issue, Janet
asserts that in dividing the marital assets, the trial court did not assign the
correct value to her claims for economic contribution and reimbursement.  Because
these two issues are related, we address them together.

Standard
of Review and Applicable Law

Trial
courts shall divide the estate of the parties in a manner that the court deems
just and right, having due regard for the rights of each party.  Tex. Fam. Code Ann. § 7.001 (Vernon
2006).  We review a trial court's
division of property under an abuse of discretion standard.  Von Hohn v.
Von Hohn, 260 S.W.3d 631, 640 (Tex. App.–Tyler 2008, no pet.).  In
determining whether the trial court abused its discretion, we review the entire
record to determine if the trial court acted arbitrarily and unreasonably.  Toles
v. Toles, 45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied).  A
trial court does not abuse its discretion if there is some evidence of a
substantive and probative character to support the decision.  Von Hohn,
260 S.W.3d at 640. We reverse a trial court’s division of property only if the
error materially affects the court’s just and right division of the property.  Id. 
Thus, errors in the valuation of property do not require reversal unless the
errors cause the division made by the trial court to be manifestly unjust.  Id.
at 641.  Once reversible error affecting the “just and right” division of the
community estate is found, an appellate court must remand the entire community
estate for a new division.  Sheshtawy v. Sheshtawy, 150 S.W.3d
772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting Jacobs v.
Jacobs, 687 S.W.2d 731, 733 (Tex. 1985)).

A
spouse is entitled to a division of only the property that the community owns
at the time of the divorce.  Von Hohn, 260 S.W.3d at 641.  The
assets of the community estate are valued as of the time of the dissolution of
the marriage.  Id.  Moreover, the factfinder must have an
evidentiary basis for its findings.  Salinas v. Rafati, 948
S.W.2d 286, 289 (Tex. 1997). If the trial court did not make any valuation
findings, an appellate court does not know what share of the marital estate
either party received.  See Wells v. Wells, 251 S.W.3d
834, 841 (Tex. App.–Eastland 2008, no pet.).  When the record does not include
any findings of fact or conclusions of law filed by the trial court or any
request for findings of fact and conclusions of law, we must presume the trial
court made all the necessary findings to support its judgment.  Id.
at 838.  If the trial court’s implied findings are supported by the evidence,
we must uphold the judgment on any theory of law applicable to the case.  Id.
at 838-39. 

Analysis

Janet
complains that the trial court awarded R.L. a disproportionate share of the
marital assets.  However, Janet did not timely request findings of fact from
the trial court.  See Tex. R.
Civ. P. 296.  Consequently, the trial court did not file findings of
fact that reflected the values it assigned to each asset or liability or the
total value of the community property.  Without findings of fact, we do not
know what share of the marital estate each party received, the basis for the
division, or the values the trial court assigned to the community assets.  See
Chacon v. Chacon, 222 S.W.3d 909, 916 (Tex. App.–El Paso 2007, no
pet.).  Nor do we know the values the trial court assigned Janet’s economic
contribution and reimbursement claims.  See id.  Furthermore, we
must presume that the trial court made all the necessary findings to support
its judgment.  Wells, 251 S.W.3d at 841.  When we apply this
presumption to the record before us, we cannot conclude that the trial court
abused its discretion in dividing the community estate.  Accordingly, we
overrule Janet’s first and ninth issues.

 

New Evidence

            In
her second issue, Janet argues that she has new evidence to show she had more
assets at the time she was married.  Specifically, Janet asserts that various
medical conditions prevented her from remembering past details clearly at
trial.  She contends that she asked her attorney the night before trial for a
continuance, but that her attorney stated that it would cost more money if the
trial was delayed, which Janet asserts she could not afford.  Consequently, she
asks this court to consider the evidence.  Because the record reflects that this
evidence was not presented to the trial court, it is not part of the record and
cannot be considered on appeal.  See Hartman v. State, 198
S.W.3d 829, 842-43 (Tex. App.–Corpus Christi 2006, no pet.) (“[A]ppellate
courts cannot consider items which are not part of the record from the trial
court.”).  We overrule Janet’s second issue.

 

False Testimony

            In
her third, fourth, fifth, sixth, seventh, and eighth issues, Janet argues that
R.L. gave false testimony during the final hearing on the divorce.  “In a bench
trial, the trial court is the sole judge of the credibility of the witnesses,
assigns the weight to be given their testimony, may accept or reject all or any
part of their testimony, and resolves any conflicts or inconsistencies in the
testimony.”  Liberty Mut. Ins. Co. v. Burk, 295 S.W.3d 771, 777
(Tex. App.–Fort Worth 2009, no pet.) (quoting Rich v. Olah, 274
S.W.3d 878, 884 (Tex. App.–Dallas 2008, no pet.)); see also Murff
v. Murff, 615 S.W.2d 696, 700 (Tex. 1981).  As a reviewing court, “we
may not pass upon the credibility of the witnesses or substitute our judgment
for that of the trier of fact, even if a different answer could be reached upon
review of the evidence.”  Id.  Because the trial court was the
exclusive judge of R.L.’s credibility, we cannot conclude that the trial court
abused its discretion by believing R.L.’s testimony.  We overrule Janet’s
third, fourth, fifth, sixth, seventh, and eighth issues.

 

Disposition

The
judgment of the trial court is affirmed.

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

Opinion delivered February 28, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(PUBLISH)