# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE* | § | *APPEAL FROM THE* |
| *OF BARNEY SAMUEL BRADSHAW* | § | *COUNTY COURT AT LAW* |
| *AND AMANDA CHERI BRADSHAW* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Barney Samuel Bradshaw appeals the trial court's final decree of divorce. On appeal, Barney presents three issues. We reverse and remand.

## BACKGROUND

Barney and Amanda Cheri Bradshaw were married on November 13, 2010. Amanda filed an original petition for divorce on September 10, 2013, requesting that the court divide their estate in a manner that the court deems just and right. Barney filed an answer, and the trial court set the case for a bench trial to be held on November 12, 2013. Barney received notice of the trial setting and, at the time, he was confined in the Rusk County jail. On the day of the bench trial, Barney requested transport to the Rusk County Courthouse, but, he said, officials at the Rusk County jail refused his request.

The bench trial proceeded without Barney present. Amanda was the only witness at trial, and her testimony comprised less than two pages of the record. She testified that the marriage had become insupportable because of discord or conflict of personalities. She asked the trial court to grant the divorce, and presented the trial court with a proposed final decree of divorce. The proposed decree awarded her all of the community property in her possession and awarded Barney all of the community property in his possession. Amanda testified that such a division of the community property was fair and equitable to both her and Barney. At the conclusion of the hearing, the trial court granted the divorce, awarded the community property as Amanda

requested, and found Amanda's requested division to be "a fair, just, and equitable division of the community property and debts."

The trial court then signed the final decree of divorce proposed by Amanda. However, in addition to the division of community property, the final decree awarded a house and real property to Amanda as her separate property. Barney filed a motion for new trial, arguing that the failure to transport him to the final hearing was error. After a hearing, the trial court denied Barney's motion. This appeal followed.

## COMMUNITY PROPERTY DIVISION

In his first issue, Barney contends that there is no evidence or insufficient evidence to support the trial court's division of the community estate.

### Applicable Law

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001(Vernon 2006). We review a trial court's division of property under an abuse of discretion standard. *Von Hohn v. Von Hohn*, 260 S.W.3d 631, 640 (Tex. App.—Tyler 2008, no pet.). In determining whether the trial court abused its discretion, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. *Toles v. Toles*, 45 S.W.3d 252, 266 (Tex. App.–Dallas 2001, pet. denied). Legal and factual sufficiency challenges are not independent grounds for asserting error in the division of property upon divorce, but instead are relevant factors in determining whether the trial court abused its discretion. *See In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 383 (Tex. App.—Dallas 2013, no pet.). We engage in a two-pronged inquiry to determine whether the trial court abused its discretion: (1) did the trial court have sufficient evidence upon which to exercise its discretion and (2) did the trial court err in its application of that discretion? *Neyland v. Raymond*, 324 S.W.3d 646, 649 (Tex. App.—Fort Worth 2010, no pet.).

The trial court must have an evidentiary basis for its findings. *See Salinas v. Rafati*, 948 S.W.2d 286, 289 (Tex. 1997). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Von Hohn*, 260 S.W.3d at 640. If the trial court does not make any valuation findings, we do not know what share of the marital estate either party received. *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex.

2

App.–Eastland 2008, no pet.). When no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. **Worford v. Stamper**, 801 S.W.2d 108, 109 (Tex. 1990). If the trial court's implied findings are supported by the evidence, we must uphold the judgment on any theory of law applicable to the case. **Wells**, 251 S.W.3d at 838-39.

Even when a respondent in a divorce case fails to answer or appear, the petitioner must still present evidence to support the material allegations in the petition. **Vazquez v. Vazquez**, 292 S.W.3d 80, 83-84 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see* **Stoner v. Thompson**, 578 S.W.2d 679, 682 (Tex. 1979) (stating that judgment cannot be entered on pleading in postanswer default judgment, but plaintiff must offer evidence and prove case as in judgment upon trial). Thus, the trial court's implied findings are subject to an evidentiary attack on appeal. *See* **Vazquez**, 292 S.W.3d at 84. We reverse a trial court's division of property only if the error materially affects the court's just and right division of the property. **Von Hohn**, 260 S.W.3d at 640. However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. **Sheshtawy v. Sheshtawy**, 150 S.W.3d 772, 780 (Tex. App.–San Antonio 2004, pet. denied) (quoting **Jacobs v. Jacobs**, 687 S.W.2d 731, 733 (Tex. 1985)).

**Analysis**

The evidence at trial was incredibly sparse, consisting of less than two pages of testimony. Amanda did not present any evidence that identified or described the assets of the community estate. She presented no evidence of the value of the community estate or of the percentage that each party would receive in her proposed division of the property. Instead, Amanda simply stated that her proposed division of the community estate was fair and equitable to both her and Barney. Because Amanda did not present evidence at the trial to support the division of the community estate, the trial court's implied findings regarding the division of the community estate are not supported by evidence of a substantive and probative character. *See* **Von Hohn**, 260 S.W.3d at 640; *see also* **Odom v. Odom**, No. 12-06-00218-CV, 2007 WL 677800, at *2 (Tex. App.—Tyler Mar. 7, 2007, no pet.) (mem. op.) (trial court cannot make just and right division when it "has no evidence of what exactly it is dividing"). Therefore, the trial court abused its discretion in ordering a division of the community estate in its final decree of

3

divorce. *See **Chamberlain v. Chamberlain***, No. 12-09-00187-CV, 2011 WL 2135128, at \*4 (Tex. App.—Tyler May 31, 2011, no pet.) (mem. op.).

On appeal, Amanda requests that we consider the evidence presented during the hearing on Barney's motion for new trial in determining whether the trial court abused its discretion in dividing the community estate. However, Amanda provides no authority for her request. When determining whether there is evidence to support the trial court's property division, we necessarily examine the evidence considered for the decision rather than information provided after the fact. *See **Morena v. Perez***, 363 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The trial court made it clear during the hearing on the motion for new trial that it was not rehearing the case, but was deciding only whether a new trial was warranted. In the trial court's order denying Barney's motion for new trial, the trial court explicitly stated that its "Final Decree of Divorce rendered and entered" after the trial was "in full force and effect" and was "the final order of the [trial court] in this matter." We see no basis for considering any evidence other than that presented at trial. *See **In re C.L.***, No. 10-11-00228-CV, 2011 WL 5830472, at \*4 n.1 (Tex. App.—Waco Nov. 16, 2011, no pet.) (mem. op.) (In determining sufficiency of evidence in family law issue, court considered, albeit at party's request, only evidence presented at final hearing.).

We further note that Amanda never requested that the trial court reopen the evidence. *See* TEX. R. CIV. P. 270 (allowing a trial court to permit additional evidence to be offered when it clearly appears necessary to the due administration of justice). She also opposed both Barney's motion for new trial and his effort to participate in the trial.[1] If the trial court had reopened the evidence, Barney would have been given opportunity to present evidence as well.

We sustain Barney's first issue.

### SEPARATE PROPERTY

In his second issue, Barney contends that there is no evidence or insufficient evidence to support the trial court's award of separate property to Amanda. We presume that property on

---

[1] While the testimony at the hearing on the motion for new trial did provide additional details regarding the community estate, Amanda testified that she received one hundred percent of the community estate and Barney received nothing. She further testified that she believed it was fair and just for her to receive all of the community estate and Barney to receive nothing. Even if we considered this evidence, the trial court abused its discretion in awarding the entire community estate to Amanda. *See* TEX. FAM. CODE ANN. § 7.001 (trial court should divide community estate in a manner that has due regard for the rights of each party).

hand at the dissolution of a marriage is community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). To overcome the presumption, a party must establish that the property is separate property by clear and convincing evidence. *Id*. § 3.003(b). Because the burden of proof is clear and convincing evidence, we apply a higher standard of review to support the trial court's decision. *See Wells*, 251 S.W.3d at 839. Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the truth of the allegations sought to be established. *Id.*; TEX. FAM. CODE ANN. § 101.007 (West 2014). As with the division of the community estate, we review a trial court's characterization of property as community or separate under an abuse of discretion standard. *Wells*, 251 S.W.3d at 838.

At trial, Amanda never mentioned any separate property or described any such property. Her proposed final divorce decree awarded her a home and real property as her separate property, but there is no evidence to support the award. Because there is no evidence to support the trial court's characterization of the house and real property as Amanda's separate property, the trial court abused its discretion in awarding separate property to Amanda. *See id.* at 838-39.

Amanda again requests that we consider evidence produced at the hearing on Barney's motion for new trial. For the reasons previously stated, we decline to do so.

We sustain Barney's second issue.[2]

## DISPOSITION

Having sustained Barney's first and second issues, we *reverse* the final decree of divorce and *remand* for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Having sustained Barney's first and second issues, we need not address Barney's third issue. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-14-00056-CV**

**IN THE MATTER OF THE MARRIAGE OF
BARNEY SAMUEL BRADSHAW
AND AMANDA CHERI BRADSHAW,**

Appeal from the County Court at Law

of Rusk County, Texas (Tr.Ct.No. 2013-09-482CCL)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings,** and that all costs of this appeal are hereby adjudged against the Appellee, **AMANDA CHERI BRADSHAW**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*