

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00796-CV

Jane G. **GARCIA**,
Appellant

v.

Daniel Muñiz **GARCIA**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2017FLB001496-C3
Honorable Victor Villarreal, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 23, 2021

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

In this appeal from a final decree of divorce after a bench trial, Appellant argues the trial court abused its discretion by characterizing her separate property as community property and dividing it unfairly. For the reasons given below, we reverse the portion of the trial court's decree that divides the marital estate. We remand the cause to the trial court for it to receive evidence necessary to find what property comprises the marital estate and render a just and right division of the community property. We affirm the remainder of the decree.

## BACKGROUND

Jane G. Garcia and Daniel Muñiz Garcia were married in 1989, and they ceased living together in 2015. In 2017, Daniel petitioned for divorce, and Jane filed a counter-petition. In a one-day bench trial, Daniel was represented by counsel and Jane represented herself. At the conclusion of the trial, the court found the entire marital estate consisted of one piece of real property, a house located at 1810 South Arkansas, Laredo, Texas (the Arkansas property). It ordered the marital estate divided evenly, and it granted the divorce.

On appeal, Jane presents thirteen issues, the majority of which criticize the trial court's finding on the composition of the community estate and its division.[1] We summarize her complaints as follows:

(1) the trial court ignored sworn inventories,

(2) the trial court erred in sustaining Daniel's evidentiary objections,

(3) the trial court materially mischaracterized separate property as community property and its division was not just and right,

(4) Daniel's sworn inventory did not disclose some community personal property,

(5) Daniel's sworn inventory did not disclose some community real property,

(6) Daniel's sworn inventory did not disclose overdue property tax payments or impending Sheriff's sale of Arkansas property,

(7) Daniel's sworn inventory did not disclose income streams from the Arkansas property,

(8) Daniel divested some community property without Jane's permission,

(9) the trial court failed to recognize all community property,

(10) Daniel did not serve the final decree of divorce on Jane,

(11) Daniel did not give Jane notice of the hearing to enter the final decree,

(12) the trial court's final decree did not recognize all the community property, and

(13) the trial court found the community estate consisted of only the Arkansas property.

---

[1] Daniel did not file a brief.

**MISCHARACTERIZING SEPARATE PROPERTY**

Because our disposition of Jane's third issue disposes of all her other issues, we address her third issue first.

In her third issue, Jane argues the trial court abused its discretion by finding that the Arkansas property was 100% community property and dividing it equally between her and Daniel. Jane insists that her mother's 1998 Deed of Gift of all her interest in the Arkansas property to Jane and Daniel created a 25% separate property interest for each of them. She also contends that when Jane's father died, his 50% interest passed to Jane's mother as her separate property. Thus, she argues, the trial court abused its discretion by mischaracterizing her mother's, Daniel's, and Jane's separate property as community property.

Before we address her arguments' merits, we briefly recite the standard of review and applicable law.

**A.     Standard of Review**

"The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles . . . ." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *accord Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). "A trial court has no discretion in determining what the law is or applying the law to the facts." *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 850 (Tex. 2014); *accord Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *accord Iliff*, 339 S.W.3d at 78.

**B.     Applicable Law**

"All property, both real and personal, of a spouse owned or claimed before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of that spouse

. . . ." TEX. CONST. art. XVI, § 15; *accord Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977); *Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.) ("Separate property includes property . . . acquired by a spouse during marriage by gift, devise, or descent.").

"The degree of proof necessary to establish that property is separate property is clear and convincing evidence." TEX. FAM. CODE ANN. § 3.003(b); *accord Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011); *see Roberts*, 402 S.W.3d at 838.

"When a trial court mischaracterizes separate property as community property, the error requires reversal because the subsequent division divests a spouse of his or her separate property." *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (citing *Eggemeyer*, 554 S.W.2d at 140; *McElwee v. McElwee*, 911 S.W.2d 182, 187 (Tex. App.—Houston [1st Dist.] 1995, writ denied)). "Once reversible error affecting the 'just and right' division of the community estate is found, the court of appeals must remand the entire community estate for a new division." *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *accord Scott v. Scott*, No. 04-17-00155-CV, 2018 WL 2694817, at *3 (Tex. App.—San Antonio June 6, 2018, no pet.) (mem. op.); *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.).

C.    **Additional Background**

In her brief, Jane states she is the daughter of Marcelo Barrientos and Guadalupe Barrientos Soliz, Marcelo and Guadalupe jointly owned the Arkansas property in 1998 when Guadalupe executed a Deed of Gift for the Arkansas property, and Marcelo died in 2013.

At trial, Daniel called Guadalupe to authenticate Guadalupe's Deed of Gift, dated May 29, 1998, which she did, and the Deed of Gift was admitted into evidence without objection. We note, however, that no evidence was presented at trial regarding who owned the Arkansas property when

Guadalupe executed the Deed of Gift in 1998.  Further, there is nothing in the appellate record which conclusively establishes the Arkansas property's ownership in 1998.

## D.     Dividing Separate Property

The Deed of Gift purports to convey the Arkansas property in its entirety to Daniel and Jane equally.

Under Texas law, when Guadalupe executed the Deed of Gift, Daniel and Jane each received an undivided one-half—of whatever Guadalupe's interest was in the Arkansas property at that time—as their separate property.  *See* TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001; *Bradley v. Love*, 60 Tex. 472, 478 (1883) ("[A] gift jointly to the husband and wife . . . result[s] in each having an undivided half interest in the land as separate property."); *In re Marriage of Royal*, 107 S.W.3d 846, 851 (Tex. App.—Amarillo 2003, no pet.) ("Texas courts consistently hold that gifts to spouses jointly are not community property, rather, each spouse takes half of the gift as their separate property."); *Dutton v. Dutton*, 18 S.W.3d 849, 852 (Tex. App.—Eastland 2000, pet. denied) ("A joint gift to a husband and wife is not community property; rather, each gets a one-half undivided separate interest in the gift.").  Unless Guadalupe was the sole owner of the Arkansas property at the time she executed the Deed of Gift, then at that time, Daniel and Jane each received only a 50% interest of whatever interest Guadalupe then owned.

Nevertheless, the Deed of Gift is conclusive evidence that Jane and Daniel each had separate property interests in the Arkansas property.  *See Bradley*, 60 Tex. at 478; *In re Marriage of Royal*, 107 S.W.3d at 851.  The trial court's finding "that the marital estate that was acquired during the marriage consisted of [the Arkansas property]," or in other words, that the Arkansas property was 100% community property, was error.  *See Sheshtawy*, 150 S.W.3d at 780 (citing *Eggemeyer*, 554 S.W.2d at 140; *McElwee*, 911 S.W.2d at 187).

**E.     Abuse of Discretion**

In its finding deciding what property the marital estate included, the trial court failed to apply the law correctly. *See Bradley*, 60 Tex. at 478; *In re Marriage of Royal*, 107 S.W.3d at 851. It mischaracterized separate property as community property, which was error. *See Sheshtawy*, 150 S.W.3d at 780 (citing *Eggemeyer*, 554 S.W.2d at 140; *McElwee*, 911 S.W.2d at 187). Given reversible error which affected the just and right division of the community estate, we "must remand the entire community estate for a new division." *See Jacobs*, 687 S.W.2d at 733; *Scott*, 2018 WL 2694817, at *3; *Slicker*, 464 S.W.3d at 858. We sustain Jane's third issue.

PROPERTY CHARACTERIZATION, DIVISION ISSUES

Jane's other issues complain about procedures and decisions underlying the trial court's finding that the marital estate consisted of only the Arkansas property and the trial court's division of the marital estate.

Because we have concluded that the trial court mischaracterized separate property as community property, and there was no direct evidence of the ownership of the Arkansas property at the time of the Deed of Gift, we are remanding the cause to the trial court for it to receive evidence necessary to find what property comprises the community estate and render a just and right division of the community property.

Assuming without deciding that Jane preserved her claims of error and properly briefed each issue,[2] Jane's other issues (which seek reversal of the property characterization and division) are nevertheless moot.

---

[2] We recognize that Jane represented herself at trial and is representing herself on appeal. "[Self-represented] litigants are generally held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs." *Briggs v. Bank of Am., N.A.*, No. 04-16-00087-CV, 2017 WL 685764, at *2 (Tex. App.—San Antonio Feb. 22, 2017, no pet.) (mem. op.).

## CONCLUSION

In this appeal, Jane did not present a legal argument that the divorce was improperly granted. Instead, she complains only that the trial court abused its discretion in determining and dividing the marital estate.

Under Texas law, the 1998 Deed of Gift conclusively establishes that Daniel and Jane had separate property interests in the Arkansas property. Therefore, when the trial court found the Arkansas property was 100% community property, it misapplied the law—which was an abuse of discretion. We reverse the portion of the final decree of divorce that determines and divides the marital estate, and we remand the cause to the trial court for it to receive evidence necessary to find what property comprises the marital estate and render a just and right division of the community property. We affirm the remainder of the final decree of divorce.

Patricia O. Alvarez, Justice